(No. 25232.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* FRANK STACEY, Plaintiff in Error.

*Opinion filed December 12, 1939.*

BENJAMIN C. BACHRACH, for plaintiff in error.

JOHN E. CASSIDY, Attorney General, and IVAN J. HUTCHENS, State's Attorney, (A. B. DENNIS, and JOSEPH L. ROSENBERG, of counsel,) for the People.

Mr. JUSTICE MURPHY delivered the opinion of the court:

In November, 1936, Frank Stacey, herein referred to as defendant, entered a plea of guilty in the circuit court of Macon county to an indictment, containing one count, which, in apt language, charged defendant, Clyde McCullom and Edwin Martin Crise, with stealing a motor vehicle of the value of $150, the property of one T. W. Timm. The defendant was committed to the Illinois State Penitentiary for an indeterminate period.

Defendant prosecutes this writ of error to correct alleged errors in the judgment and presents the case on the common law record. He contends the indictment charged him with having committed the crime of grand larceny and that the judgment does not identify it as a conviction for that offense. The People urge that the prosecution and conviction were based upon the violation of section 168a of division 1 of the Criminal Code (Ill. Rev. Stat. 1939, chap. 38, par. 388a) which provides that for the theft of a motor vehicle the penalty shall be one to twenty years in the penitentiary.

The larceny of a motor vehicle is a substantive offense, separate and distinct from grand larceny. (*People* v. *Crane,* 356 Ill. 276; *People* v. *Parker,* id. 301; *People* v. *Smithka,* id. 624.) In a conviction for the crime of larceny, generally, petit or grand, the place and duration of the imprisonment is dependent upon the allegations and proof of the value of the property stolen. (*Tobin* v. *People,* 104

Ill. 565; *People* v. *Jackson,* 312 id. 611.) In a conviction for the theft of a motor vehicle, the duration of the imprisonment in the penitentiary is not dependent upon the value of the property stolen and it is not necessary to allege or prove it. *People* v. *Crane, supra.*

The indictment charged the defendant with having stolen a motor vehicle of the value of $150. Defendant's general plea of guilty was an admission that he had stolen a motor vehicle of the value stated. The court accepted the plea and it is stated in the judgment that the value of the property stolen is fixed at $150. The judgment does not recite that the subject of the theft was a motor vehicle. The allegation in the indictment of the value, and the fact that there was a judicial determination fixing the value, which is incorporated in the judgment, clearly establishes the conviction was for grand larceny. (*People* v. *Crane, supra.*) The judgment committed the defendant to the Illinois State Penitentiary for an indeterminate period and until discharged according to law. 'The indeterminate period stated in the judgment would be the indeterminate period provided by statute for the offense of which the defendant was convicted.

The warrant of commitment is set forth in full in defendant's brief but it is not a part of the common law record. It provides that defendant shall be committed to the Illinois State Penitentiary for a period of one to twenty years. The People, to support their theory, incorporated in the additional abstract the minutes and memorandum kept by the court reporter at the time the defendant was sentenced. These are not a part of the record and would not furnish the basis for a *nunc pro tunc* order amending the record if such were necessary. (*Hubbard* v. *People,* 197 Ill. 15.) The record properly before the court sufficiently identifies the crime to which the defendant pleaded as grand larceny, and the penalty for that, which is one to ten years, is read into the judgment. (*People* v. *Wood,*

318 Ill. 388.) The defendant is imprisoned, not by virtue of the warrant of commitment, but on account of the judgment and sentence. (*Hill* v. *United States*, 298 U. S. 460.) However, the warrant should conform to the judgment on which it is based and if it does not follow the judgment, a good warrant may be substituted at any time in place of a defective one. *In re Thayer*, 69 Vt. 314, 37 Atl. 1042; *In re Rogers*, 75 id. 329, 55 Atl. 661; *People* v. *Baker*, 89 N. Y. 461.

The judgment of the circuit court of Macon county is affirmed.

*Judgment affirmed.*