(No. 31733.—

The People of the State of Illinois, Defendant in Error, *vs.* Julian Anderson, Plaintiff in Error.

*Opinion filed November 27, 1950.*

JULIAN ANDERSON, *pro se.*

IVAN A. ELLIOTT, Attorney General, of Springfield, and WARNER WALL, State's Attorney, of Mound City, (HARRY L. PATE, of Tuscola, of counsel,) for the People.

Mr. JUSTICE DAILY delivered the opinion of the court:

On July 27, 1945, two indictments were returned in the circuit court of Pulaski County, charging the defendant, Julian Anderson, with two separate larcenies. Cause No. 1700 charged him with stealing a cow of the value of one hundred dollars from O. D. Cherry and Robert Carter. Cause No. 1701 charged the theft of a cow of the value of one hundred dollars from John Cox. Several days later, defendant tendered a plea of guilty in each cause and persisted therein, though duly admonished by the court. Thereupon the court accepted the pleas and, in each case, sentenced defendant to terms of one to ten years in the penitentiary. Defendant, appearing *pro se,* prosecutes this writ of error to review the judgments of conviction. No bill

of exceptions has been filed, thus our review is limited to those matters appearing in the common-law record.

Although we have frequently held that a *mittimus* is not properly a part of the common-law record, (*People* v. *Cox,* 401 Ill. 432, *People* v. *Carter,* 398 Ill. 336, *People* v. *Wells,* 393 Ill. 626, *People* v. *Daulley,* 387 Ill. 403,) defendant has included the *mittimi* issued by the circuit court of Pulaski County in the record presented and has predicated two of his three assignments of error on matters appearing therein. Each *mittimus* contains a purported advisory recommendation that the defendant's terms "be not less than one year and not more than ten years," which fact he advances as grounds for reversing the judgments. No such advisory recommendation is contained in the judgments themselves, which is the real authority for the detention of a prisoner. (*People* v. *Kennay,* 391 Ill. 572.) It is the rule that in case of a variance between the language of commitment and the judgment, the latter prevails. (*People* v. *Carter,* 398 Ill. 336; *People* v. *Stubblefield,* 391 Ill. 609.) Thus, even if the *mittimi* were properly a part of the record, the defendant's contention that the judgments be reversed would be of no avail. Nor is there merit to his insistence that the judgments be reversed for the issuance of proper *mittimi,* for correct *mittimi* may be issued at any time. *People* v. *Wagner,* 390 Ill. 384; *People* v. *Stacey,* 372 Ill. 478.

Although neither judgment contains a recital as to whether the penitentiary terms are to run concurrently or consecutively, the *mittimus* issued in cause No. 1701 states: "The above term is to begin at the termination of the term indicated in case No. 1700." Because of this, defendant contends that both judgments are vague, indefinite, uncertain and reversible. As pointed out in the preceding paragraph, the language of the *mittimi* cannot prevail over the language of the judgments. The judgment in each cause here under consideration, is definite and certain that

the terms of imprisonment imposed were from one to ten years in the penitentiary. It is axiomatic that two or more sentences of a defendant to the same place of confinement run concurrently in the absence of specific provisions to the contrary appearing in the judgment order. (*People* v. *Dennison,* 399 Ill. 484; *People* v. *Wooten,* 392 Ill. 542; *People ex rel. Clancy* v. *Graydon,* 329 Ill. 398.) Thus, no vagueness or uncertainty attaches itself to the judgment orders as entered. Should the defendant be held beyond the expiration of his concurrent terms he is not without a remedy to secure his release.

The final contention is that the court erred in sentencing defendant to the penitentiary in the absence of any finding, in the judgment, of the value of the property stolen. By his plea of guilty to each indictment, defendant admitted all material allegations thereof, including the value of the property. (*People* v. *Carter,* 394 Ill. 403; *People* v. *Huber,* 389 Ill. 192.) His action forestalled any necessity for proof of the value of the property taken, or for an express finding in the judgments of conviction. There being an admission of the truth of the values averred in the indictments, there is no need for an express finding so that the court may know that he is justified in imposing the penalty for grand larceny, as distinguished from the penalty for petit larceny. (*Marx* v. *People,* 204 Ill. 248.) The cases relied upon by defendant embrace the rule applicable to a jury trial following a plea of not guilty, where both proof and finding of value are essential to a judgment of conviction. They have no application here where defendant entered pleas of guilty.

The judgments of the circuit court of Pulaski County, are, therefore, affirmed.

*Judgments affirmed.*