THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
RAYMOND MILES, Defendant-Appellant.

Fourth District No. 4—83—0132

Opinion filed August 17, 1983.

Daniel D. Yuhas, of State Appellate Defender's Office, of Springfield, for appellant.

Edward Litak, State's Attorney, of Danville (Robert J. Biderman, of State's Attorneys Appellate Service Commission, of counsel), for the People.

PRESIDING JUSTICE WEBBER delivered the opinion of the court:

Defendant entered a plea of guilty in the circuit court of Vermilion County to the offense of burglary (Ill. Rev. Stat. 1981, ch. 38, par. 19—1(a)) January 14, 1982, before Judge Pearman. On March 9, 1982, Judge Pearman imposed a sentence of 30 months' probation with the special conditions that defendant serve six months in the county jail with no credit for time already served. On March 16, 1982, the special conditions were modified to allow credit for time served, but without specification as to the amount of that time.

On November 4, 1982, a petition to revoke probation was filed and defendant was arraigned on it before Judge Robinson on November 15, 1982. The cause was set for hearing and the docket entry stated: "Deft released on $10,000 recognizance bond in this case and remanded to custody of sheriff for return to Champaign County under bond in that county."

On November 23, 1982, a hearing was held and probation was ordered terminated by Judge Robinson. The docket entry stated: "Deft surrendered himself on the bond in this case and is remanded to custody of Sheriff under bond in another case."

On January 14, 1983, a sentencing hearing was held and Judge Robinson imposed a sentence of imprisonment of six years and stated in his order, "Defendant is to be given full-time credit for all time served in custody in this cause since its inception." A *mittimus* was ordered to issue.

On appeal defendant raises only one narrow issue: that the Department of Corrections has not allowed him credit for all time served in custody for this offense. He bases this claim on a letter addressed to his appellate counsel from the Department of Corrections and attached as an appendix to his brief. In that letter it is stated in pertinent part: "[T]he following information is in accordance with the Mittimus dated January 14, 1983. 'Credit for time spent in jail: 11-19-81 to 3-9-82. 11-15-82 to 1-18-83.' The dates total five months and 24 days (including one day of credit on our calculation sheet) of credit."

Defendant argues that the six months in jail as a condition of probation, together with his surrender on November 23, 1982, until sentencing on January 14, 1983, indicate that he is entitled to approximately 7½ months' credit.

In their brief the People state, "Admittedly, the department's records seem to be in error. The letter indicates defendant was taken into custody on November 19, 1981. That was when the burglary occurred, *** but according to the presentence report and the discovery materials, he was not arrested until December 1, 1981 ***."

Inexplicably, the People further state that the defendant "evidently remained in jail without posting bond until the completion of the six-month term assessed as a condition of probation." Such a bond would be impossible in the absence of an appeal from the imposition of such a sentence. The real problem is that defendant was allowed credit on the six months for time served, but this figure nowhere appears in the record. It cannot therefore be determined how much time he did in fact serve as a combination of the six months' probation condition and time served theretofore.

 █ It has long been the rule in the State that a *mittimus* is not part of the common law record; that it is the judgment of the court which is the authority for the detention of the prisoner; that in case of variance between the *mittimus* and the judgment, the latter will prevail; and that an amended *mittimus* may be issued at any time. *People v. Anderson* (1950), 407 Ill. 503, 95 N.E.2d 366.

It is also fundamental that "A sentence should be *** so complete that it will not be necessary for a nonjudicial or ministerial officer to supplement the written words to ascertain its meaning." *People v. Walton* (1969), 118 Ill. App. 2d 324, 333, 254 N.E.2d 190, 194-95.

 █ Two additional factors enter the equation: first, the defendant must be given credit for time spent in custody as a result of the offense (Ill. Rev. Stat. 1981, ch. 38, par. 1005—8—7(b)); and second, the Department of Corrections must have a *mittimus* in order to receive the prisoner. Ill. Rev. Stat. 1981, ch. 38, par. 1005—8—5.

There is no difficulty with the sentencing judgment. It is clear that Judge Robinson intended that the defendant should receive all credit due to him for incarceration as a result of this offense. The problem arises from the preparation of the *mittimus*. The credit indicated in no way meshes with what information appears in the record. It is doubtful if the defendant were in jail on November 19, 1981, and clearly he was in jail on March 16, 1982, one week later than the date shown. The time spent in jail as a condition of probation cannot be calculated from the record, since Judge Pearman first imposed six months with no credit and one week later modified the order to allow credit. It is arguable that even with credit defendant spent at least six months in jail, but the record is silent as to his eventual release date on this aspect of the matter.

The time spent during the period November 15, 1982, through the sentencing hearing in January 1983 is also suspect. The order of November 15 is a release on recognizance as to the instant offense, but remandment to the sheriff of Champaign County, presumably for some other offense. The order of November 23 is likewise obscure. Defendant surrendered but was remanded under bond in another case.

The People argue that the matter should be handled "administratively" through the Department of Corrections, but make no suggestion as to what administrative procedures exist for such a situation. The case is unlike *People v. Stuckey* (1981), 93 Ill. App. 3d 260, 417 N.E.2d 203, where the trial judge specifically delegated to the Department the task of calculating credit. *People v. Johnson* (1974), 23 Ill. App. 3d 886, 321 N.E.2d 38, states that perhaps the Department may

be able to do the calculation more conveniently, but does not mandate it.

This case demonstrates what obstacles can arise when the preparation of the *mittimus* and its indication of jail credit is left to nonjudicial personnel. As one possible solution, short of legislation which might be the more desirable one, we suggest analogy to section 4 of the former *Habeas Corpus* Act (Ill. Rev. Stat. 1981, ch. 65, par. 4), now section 10—105 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 10—105). This provides that the sheriff having custody of a prisoner must give to that prisoner, on his demand or on the demand of anyone on his behalf, a copy of the process by which he is held.

In the case of a *mittimus*, a copy of it might be served on the defendant before he is transported to the Department of Corrections with leave to make whatever objections he might have to the credit shown. These could be handled by the trial court prior to transportation and prior to the filing of a notice of appeal and thus avoid one more problem.

The sentence is affirmed and the cause is remanded to the circuit court of Vermilion County with directions to recalculate the credit due to the defendant and then to issue an amended *mittimus* reflecting that credit.

Affirmed and remanded.

MILLS and MILLER, JJ., concur.