2016 IL App (4th) 140712

NO. 4-14-0712

**FILED**
September 30, 2016
Carla Bender
4th District Appellate
Court, IL

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Coles County |
| JOSE R. MORRISON, | ) | No. 11CF449 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Mitchell K. Shick, |
| | ) | Judge Presiding. |

JUSTICE POPE delivered the judgment of the court, with opinion.
Justice Turner concurred in the judgment and opinion.
Justice Harris specially concurred in the judgment, with opinion.

**OPINION**

¶ 1       Defendant, Jose R. Morrison, appeals the first-stage dismissal of his postconviction petition under the Post-Conviction Hearing Act (725 ILCS 5/122-1 to 122-7 (West 2014)). Defendant argues he is entitled to (1) one additional day of credit against his sentence and (2) a $5-per-day credit for time he spent in presentence custody. We affirm but remand with directions for the clerk of the circuit court to correct the fines, fees, and costs order to reflect the $5-per-day monetary credit.

¶ 2                               I. BACKGROUND

¶ 3       Defendant was arrested on October 15, 2011. On October 17, 2011, the State charged defendant with home invasion (720 ILCS 5/12-11(a)(2), 5-1 (West 2010)) (count I) (charging defendant "or one for whose conduct he [was] legally accountable, *** knowingly and

without authority, entered the dwelling place of [the victims] *** knowing persons to be present within that dwelling place, and intentionally caused injury to [the victim]"), robbery (720 ILCS 5/18-1(a) (West 2010)) (count II), and residential burglary (720 ILCS 5/19-3(a) (West 2010)) (count III).

¶ 4        On January 31, 2013, defendant pleaded guilty but mentally ill to home invasion and residential burglary (counts I and III) in exchange for a sentence of 22 years in the Department of Corrections for the home invasion count (count I), a concurrent sentence of 15 years for the residential burglary count (count III), and dismissal of the robbery count (count II). In addition, defendant agreed (1) the trial court would find great bodily harm resulted from the offenses and (2) to testify truthfully against a codefendant. Defendant would be assessed court costs and restitution in the amount of $17,088.42. Defendant indicated his agreement with the terms of the negotiated plea.

¶ 5        The trial court admonished defendant regarding the charges against him on an accountability basis, the fact he was eligible for an extended term due to the age of the victim, the possible penalties, and his right to a trial. Defendant indicated his understanding and willingness to waive his right to a trial. Defendant also advised the court he had not been threatened or forced to plead guilty, nor had any other promises been made. The court determined defendant was waiving his rights voluntarily. After finding a factual basis for the charges and the restitution amount, the court accepted defendant's guilty plea and sentenced him in accordance with the plea agreement. Defendant was given 473 days of sentence credit. The circuit clerk imposed a $50 court-finance assessment, a $10 child-advocacy assessment, and a $5 drug-court assessment. Defendant did not request, and the record does not reflect the court ordered, a $5-per-day credit for time in custody prior to sentencing to be applied against the

fines.

¶ 6        The trial court admonished defendant he had the right to appeal; however, before he could file an appeal, he would have to first file a motion to withdraw his guilty plea and vacate the judgment.

¶ 7        On May 6, 2013, defendant filed a *pro se* motion for a reduction of his sentence. On May 8, 2013, the trial court denied the motion as untimely. Defendant did not file a direct appeal.

¶ 8        On June 6, 2014, defendant filed the *pro se* postconviction petition, which is the subject of the instant appeal. In his petition, defendant claimed he received ineffective assistance of trial counsel when counsel (1) misinformed him the home invasion conviction would be served at 50% instead of 85% and (2) encouraged him to just say "okay" during the plea admonishments even though counsel knew defendant could not understand the admonishments because he was mentally handicapped. The petition made no reference to any sentencing-credit errors. On July 24, 2014, the trial court summarily dismissed the petition as frivolous and patently without merit.

¶ 9        This appeal followed.

¶ 10                                    II. ANALYSIS

¶ 11        On appeal, defendant has abandoned the claims in his postconviction petition and instead contends (1) the trial court failed to credit him properly for time he spent in custody awaiting trial, arguing he is entitled to one additional day of credit under the provisions of section 5-4.5-100(b) of the Unified Code of Corrections (Corrections Code) (730 ILCS 5/5-4.5-100(b) (West 2012)) (formerly section 5-8-7(b) of the Corrections Code (730 ILCS 5/5-8-7(b) (West 2008)) and (2) he is entitled to a $5-per-day credit for time spent in presentence custody

under the provisions of section 110-14 of the Code of Criminal Procedure of 1963 (Procedure Code) (725 ILCS 5/110-14 (West 2012)).

¶ 12                                    A. Pretrial Sentence Credit

¶ 13        Defendant acknowledges he is raising this issue for the first time on appeal from the dismissal of his postconviction petition. However, he contends he may properly do so (1) under the provisions of Illinois Supreme Court Rule 615(b)(1) (eff. Jan. 1, 1967) as interpreted by *People v. Andrews*, 365 Ill. App. 3d 696, 700, 850 N.E.2d 888, 891 (3rd Dist. 2006); (2) because this court's ruling in *People v. Nelson*, 2016 IL App (4th) 140168, 49 N.E.3d 1007, was wrongly decided in its interpretation of *People v. Caballero*, 228 Ill. 2d 79, 885 N.E.2d 1044 (2008); and (3) under the void-sentence rule. The State does not challenge defendant's computation of time spent in presentence custody, but it argues defendant may not raise this issue for the first time on appeal. We agree with the State.

¶ 14                                    1. *Supreme Court Rule 615(b)(1)*

¶ 15        Illinois Supreme Court Rule 615(b)(1) (eff. Jan. 1, 1967) states, on appeal, reviewing courts may "reverse, affirm, or modify the judgment or order from which the appeal is taken." In *Andrews*, on appeal from dismissal of his postconviction petition, the defendant did not argue the merits of his postconviction petition. Instead, he raised for the first time a claim he was entitled to an additional day of presentence credit. *Andrews*, 365 Ill. App. 3d at 698, 850 N.E.2d at 890. The Appellate Court, Third District, in *Andrews* determined it had authority under Rule 615(b)(1) "to modify the trial court's order to correct what amounts to a clerical error." *Id.* at 699, 850 N.E.2d at 891. However, *Andrews* failed to adhere to the limitation stated in Rule 615(b)(1), *i.e.*, the reviewing court may modify "the judgment or order *from which the appeal is taken*." (Emphasis added.) Ill. S. Ct. R. 615(b)(1) (eff. Jan. 1, 1967).

¶ 16        In *People v. Buffkin*, 2016 IL App (2d) 140792, 55 N.E.3d 47, the defendant appealed the dismissal of his postconviction petition. However, rather than argue the merits of the petition, he sought vacatur of a deoxyribonucleic acid (DNA) analysis fee, a claim he had not raised in his postconviction petition. One premise for his argument was the reviewing court could vacate the fee under Illinois Supreme Court Rule 615(b)(1) (eff. Jan. 1, 1967). Citing *People v. Castleberry*, 2015 IL 116916, ¶ 11, 43 N.E.3d 932, the *Buffkin* court found:

> "[T]his is precisely the point: [the] defendant did not take this appeal from the sentencing order; instead he took it from the dismissal of his postconviction petition. This is a collateral appeal, and, beyond the dismissal itself, defendant is strictly limited in what he may raise. He may raise any claim that may be raised at any time. But he may not collaterally attack his sentence as statutorily unauthorized." *Buffkin*, 2016 IL App (2d) 140792, ¶ 9, 55 N.E.3d 47.

¶ 17        We find the provisions of Rule 615(b)(1) do not allow us to modify defendant's sentencing order because it is beyond the scope of his appeal from the dismissal of his postconviction petition.

¶ 18                2. People v. Nelson *and* People v. Caballero

¶ 19        Defendant acknowledges this court's ruling in *Nelson*, 2016 IL App (4th) 140168, ¶ 32, 49 N.E.3d 1007, finding *Caballero* does not establish a reviewing court's authority to grant a defendant's request for sentence credit under section 5-4.5-100(b) (formerly section 5-8-7(b) of the Corrections Code (730 ILCS 5/5-8-7(b) (West 2006)). However, defendant argues *Nelson* was wrongly decided because it did not consider *Caballero*'s "emphasis" on *People v. Woodard*,

175 Ill. 2d 435, 677 N.E.2d 935 (1997). In *Woodard*, the defendant raised the single issue of whether he may be allowed on appeal the *per diem* monetary credit pursuant to section 110-14 of the Procedure Code. *Id.* at 438, 677 N.E.2d at 937. After a lengthy discussion of the history of amendments to and interpretations of section 110-14 of the Procedure Code, in a single paragraph, the court noted a few cases in which the sentencing credit provisions of section 5-8-7(b) (now section 5-4.5-100(b)) of the Corrections Code had been treated similarly to the monetary *per diem* credit of section 110-14 of the Procedure Code. *Id.* at 457, 677 N.E.2d at 946. Notably, *Woodard* was only one of many cases the *Caballero* court cited in reaching its ultimate decision a defendant's request for *per diem* monetary credit under section 110-14 of the Procedure Code may be raised for the first time on appeal from dismissal of a postconviction petition. The *Caballero* court also discussed cases finding claims for sentencing credit under section 5-8-7(b) (now section 5-4.5-100(b)) of the Corrections Code were not cognizable in a postconviction proceeding. The court did not find those cases erroneously decided, but it found the specific language of section 110-14 of the Procedure Code permitted awarding monetary credit on " 'application of the defendant' " without a limitation on when the application may be made. *Caballero*, 228 Ill. 2d at 88, 885 N.E.2d at 1049.

¶ 20    In distinguishing *Caballero* regarding section 5-8-7(b) (now section 5-4.5-100(b)) sentence credit, the *Nelson* court stated:

> "A petition for presentence credit under section 5-8-7(b)
> raised on appeal from the dismissal of a postconviction petition
> does not satisfy both prerequisites in the holding of *Caballero*.
> Section 5-8-7(b) mandates '[t]he offender shall be given credit on
> the determinate sentence or maximum term and the minimum

period of imprisonment for time spent in custody as a result of the offense for which the sentence was imposed.' 730 ILCS 5/5-8-7(b) (West 2006). No language authorizes an 'application of defendant' at any time. The only circumstance in this case that mirrors the one in *Caballero* is that the 'interests of an orderly administration of justice' favor resolving the issue before it instead of requiring additional court filings. *Caballero*, however, simply does not hold the jurisdictional limitations of the Act may be ignored to consider all statutory claims when 'the interests of an orderly administration of justice' favor it. [Citation.]

We disagree with defendant's interpretation of the last sentence of the above quote. Defendant maintains the sentence authorizes this court to grant him relief so long as the basis for his request is clear and available from the record and the interests of an orderly administration of justice favor the award of credit.

We do not read the sentence so broadly. The last sentence is limited to section 110-14 claims. The sentence before it specifically addresses section 110-14, recognizing it is a statutory claim permitted under the Act because of its language permitting an 'application of the defendant.' The last sentence, on which defendant relies, follows with key words that link the two requisites together, such as '[a]ccordingly,' 'as in this case,' and 'application of the defendant.' " *Nelson*, 2016 IL App (4th)

140168, ¶¶ 36-38, 49 N.E.3d 1007.

Simply because *Caballero* mentioned *Woodard* as part of its analysis does not make our ruling in *Nelson* flawed because we did not mention *Woodard*. Therefore, we decline to find *Nelson* was wrongly decided.

¶ 21 We adhere to our precedent in *Nelson* and find we cannot grant defendant the relief he seeks for the reasons stated above, as well as for the reasons discussed in Justice Harris's special concurrence. However, as we stated in *Nelson*, defendant may petition the trial court to correct the simple error in arithmetic, as trial courts retain jurisdiction to correct nonsubstantial matters of inadvertence or mistake. *Id.* ¶ 39.

¶ 22                                  3. *The Void-Sentence Rule*

¶ 23 Next, defendant argues he should receive the benefit of the abolished void-sentence rule. He relies on *People v. Roberson*, 212 Ill. 2d 430, 440, 819 N.E.2d 761, 767 (2004), finding a sentence in conflict with a statutory guideline, such as the statute on sentence credit, is void and may be challenged at any time. However, as we pointed out in *Nelson*, 2016 IL App (4th) 140168, ¶ 31, 49 N.E.3d 1007, with the issuance of *Castleberry*, 2015 IL 116916, ¶ 15, 43 N.E.3d 932, "*Roberson*'s statement, however, no longer reflects the law in Illinois. *** Thus, the trial court's failure to impose the proper sentence credit in this case does not make his sentence void and challengeable at any time." Defendant asserts *Castleberry* is not retroactive and, therefore, should not be applicable to his case because his conviction became final in March 2013, before *Castleberry* was issued in November 2015. This court recently found *Castleberry* does apply retroactively. *People v. Stafford*, 2016 IL App (4th) 140309, ¶ 33. Due to the abolition of the void-sentence rule, a sentence can only be challenged at any time as void if the court lacked personal or subject-matter jurisdiction. Defendant does not challenge the trial

court's personal or subject-matter jurisdiction, and, therefore, under *Castleberry*, we need not address whether his sentence is void. See *id.*

¶ 24                                 B. Monetary Credit Against Fines

¶ 25         Defendant argues he is entitled to a $5-per-day credit against any fines imposed for every day he spent in custody prior to sentencing. The court ordered the imposition of a $50 court-finance assessment (55 ILCS 5/5-1101(c) (West 2012)), a $10 child-advocacy assessment (55 ILCS 5/5-1101(f-5) (West 2012)), and a $5 drug-court assessment (55 ILCS 5/5-1101(f) (West 2012)). These are considered fines eligible for presentence credit purposes. See *People v. Smith*, 2014 IL App (4th) 121118, ¶ 54, 18 N.E.3d 912 (court-finance assessment is a fine), and *People v. Folks*, 406 Ill. App. 3d 300, 304-05, 943 N.E.2d 1128, 1132 (4th Dist. 2010) (child-advocacy and drug-court assessments are fines).

¶ 26         Although defendant raises this issue for the first time on appeal, he maintains he may do so, citing *Caballero*, 228 Ill. 2d at 88, 885 N.E.2d at 1049. *Caballero* held an application for credit under section 110-14 of the Procedure Code may be raised for the first time on appeal from the dismissal of a postconviction petition by a defendant, despite the fact the issue could have been raised on direct appeal but was not, even though such sentence credit is a statutory rather than a constitutional claim. Quoting *Woodard*, 175 Ill. 2d at 444, 677 N.E.2d at 940, the court in *Caballero* noted " '[s]ection 110-14 is silent concerning any time frame or procedural stage during which such application either must or can be made.' " *Caballero*, 228 Ill. 2d at 87-88, 885 N.E.2d at 1049. The *Caballero* court then held claims for the $5-per-day credit may be raised at any time and stage of court proceedings. *Id.* at 88.

¶ 27         The State concedes defendant is entitled to presentence incarceration credit against the $50 court-finance assessment, the $10 child-advocacy assessment, and the $5 drug-

court assessment. We accept the State's concession and hold these three assessments are fines against which defendant can receive a $5-per-day credit for the time he spent in presentence custody. Accordingly, we order the clerk of the circuit court to correct the fines, fees, and costs order to reflect this credit.

¶ 28                                    III. CONCLUSION

¶ 29          For the foregoing reasons, we affirm the trial court's dismissal of defendant's postconviction petition and remand with directions for the clerk of the circuit court to correct the fines, fees, and costs order to reflect the $5-per-day credit against fines. As part of our judgment, we grant the State its statutory assessment of $50 against defendant as costs of this appeal. 55 ILCS 5/4-2002 (West 2014).

¶ 30          Affirmed; cause remanded with directions.

¶ 31        JUSTICE HARRIS, specially concurring.

¶ 32        I fully agree with the majority's disposition of defendant's requests for sentence credit and monetary credit. I write separately to address the mechanism which defendant suggests allows us to grant him additional sentence credit. In my view, his assertion that we may "modify the mittimus" at any time to grant a sentence credit on appeal following a dismissal of a postconviction petition is incorrect.

¶ 33        A "mittimus" is defined as "[a] court order or warrant directing a jailer to detain a person until ordered otherwise." Black's Law Dictionary (10th ed. 2014). A mittimus (as distinguished from a sentencing judgment) is something of an anachronism. Also referred to as a "warrant of commitment" (*People v. Stacey*, 372 Ill. 478, 481, 24 N.E.2d 378, 380 (1939)), a mittimus—prepared separately from the sentencing judgment—was not to be made a part of the common law record in a case (*People v. Anderson*, 407 Ill. 503, 505, 95 N.E.2d 366, 367 (1950)). Not surprisingly, problems could arise where the language of the mittimus varied from that of the judgment. These variances might involve the nature of the defendant's conviction or the amount of sentence credit due to the defendant. In those cases, courts held "the warrant should conform to the judgment on which it is based and if it does not follow the judgment, a good warrant may be substituted at any time in place of a defective one." *Stacey*, 372 Ill. at 481, 24 N.E.2d at 380; see also *Anderson*, 407 Ill. at 505, 95 N.E.2d at 367 ("It is the rule that in case of a variance between the language of commitment and the judgment, the latter prevails. *** [C]orrect *mittimi* may be issued at any time."); *People v. Miles*, 117 Ill. App. 3d 257, 259, 453 N.E.2d 68, 69-70 (4th Dist. 1983) ("[I]n case of variance between the *mittimus* and the judgment, the latter will prevail[,] and *** an amended *mittimus* may be issued at any time.").

¶ 34        In *Miles*, the defendant was sentenced to prison and was " 'to be given full-time

credit for all time served in custody.' " *Id*. at 258, 453 N.E.2d at 69. The trial judge ordered a mittimus to issue. *Id*. However, the mittimus erroneously omitted certain sentence credit. *Id*. at 259, 453 N.E.2d at 70. This court stated: "There is no difficulty with the sentencing judgment. \*\*\* The problem arises from the preparation of the *mittimus*. The credit indicated in no way meshes with what information appears in the record." *Id*. The court went on to state: "This case demonstrates what obstacles can arise when the preparation of the *mittimus* and its indication of jail credit is left to nonjudicial personnel," and it suggested legislation might be a "possible solution." *Id.* at 260, 453 N.E.2d at 70.

¶ 35        In 1985, two years after *Miles*, the Illinois legislature eliminated the need for a separately issued mittimus. Pub. Act 84-622, §1 (eff. Sept. 20, 1985) (adding Ill. Rev. Stat. 1985, ch. 110, ¶ 2-1801). Section 2-1801(a) of the Code of Civil Procedure (735 ILCS 5/2-1801(a) (West 2014)) reads in part:

> "In all cases, \*\*\* when a person is imprisoned, incarcerated, confined or committed to the custody of a sheriff, warden, Department of Corrections or other executive officer by virtue of a judgment or order which is signed by a judge, *a copy of such judgment or order shall, in each case, constitute the mittimus, and no separate mittimus need be issued*." (Emphasis added.)

Thus, following the enactment of section 2-1801(a), a separate mittimus is unnecessary because the written sentencing judgment will serve as the mittimus.

¶ 36        In the present case, defendant appeals the dismissal of his postconviction petition and requests that this court "modify the mittimus to reflect the accurate number of days [defendant] spent in presentence custody." The problem is, unlike in *Miles* and other cases pre-

dating section 2-1801(a), there is no separately issued mittimus here to "modify." In actuality, it is the trial court's *sentencing judgment* which defendant claims is in error and now seeks to modify. The cases mentioned above, holding that a mittimus may be amended at any time, simply have no application here.

¶ 37    Unlike with a defective mittimus, where a party seeks to amend an erroneous sentencing judgment, jurisdictional limitations are implicated. Certainly, where a defendant directly appeals his conviction and claims an error in the judgment as to the sentence credit, an appellate court has jurisdiction to consider the request. See *People v. Williams*, 239 Ill. 2d 503, 942 N.E.2d 1257 (2011). Also, as the majority notes, trial courts retain jurisdiction to correct nonsubstantial matters pertaining to the judgment, such as errors in the calculation of sentence credit. *Nelson*, 2016 IL App (4th) 140168, ¶ 39, 49 N.E.3d 1007. However, in the absence of a timely direct appeal, a reviewing court generally is without jurisdiction to consider errors in the judgment. Ill. S. Ct. R. 606(b) (eff. Dec. 11, 2014); *People v. Salem*, 2016 IL 118693, ¶ 16, 47 N.E. 997; *cf. Caballero*, 228 Ill. 2d at 88, 885 N.E.2d at 1049 (2008) (A claim for monetary credit under section 110-14 of the Procedure Code (725 ILCS 5/110-14 (West 2014)) may be raised at any time and even on appeal in a postconviction proceeding.).

¶ 38    Here, because it is the sentencing judgment and not a separately issued mittimus which defendant seeks to modify and because defendant failed to file a direct appeal challenging the judgment, this court lacks jurisdiction to grant him additional sentence credit.