# Illinois Official Reports

## Appellate Court

---

### *People v. Coleman*, 2017 IL App (4th) 160770

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CASSIAN T. COLEMAN, Defendant-Appellant. |
| District & No. | Fourth District<br>Docket No. 4-16-0770 |
| Filed | November 27, 2017 |
| Decision Under Review | Appeal from the Circuit Court of Macon County, No. 06-CF-448; the Hon. Thomas E. Griffith, Judge, presiding. |
| Judgment | Appeal dismissed. |
| Counsel on Appeal | Michael J. Pelletier, Jacqueline L. Bullard, and Mariah K. Shaver, of State Appellate Defender's Office, of Springfield, for appellant.<br><br>Jay Scott, State's Attorney, of Decatur (Patrick Delfino, David J. Robinson, and Kathy Shepard, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | JUSTICE APPLETON delivered the judgment of the court, with opinion.<br>Justices Harris and Steigmann concurred in the judgment and opinion. |

**OPINION**

¶ 1 Defendant, Cassian T. Coleman, appeals from the trial court's denial of his *pro se* motion for additional presentence credit. Because he failed to file a timely notice of appeal, we dismiss this appeal for lack of subject-matter jurisdiction, and we deny all pending motions as moot.

¶ 2                                    I. BACKGROUND

¶ 3 Originally, defendant was convicted of unlawfully delivering 900 grams or more of a substance containing cocaine, an offense he committed while having a prior conviction of unlawful delivery of a controlled substance (720 ILCS 570/401(a)(2)(D) (West 2006)). The trial court sentenced him to 25 years' imprisonment.

¶ 4 On direct appeal, we remanded the case with directions to allow eight additional days of presentence credit, for the period of March 22 to 29, 2006. *People v. Coleman*, 391 Ill. App. 3d 963, 984 (2009).

¶ 5 On remand, the trial court awarded defendant the eight additional days of presentence credit.

¶ 6 Subsequently, defendant petitioned for postconviction relief. After an evidentiary hearing, the trial court denied his petition. He appealed again. We reversed the conviction and sentence, and we remanded the case with directions to resentence him for a lesser included offense: a violation of section 401(a)(2)(A) of the Illinois Controlled Substances Act (720 ILCS 570/401(a)(2)(A) (West 2006) ("15 grams or more but less than 100 grams")). *People v. Coleman*, 2015 IL App (4th) 131045, ¶ 1.

¶ 7 On April 22, 2015, on remand, the trial court entered an amended sentencing judgment, which resentenced defendant to 21 years' imprisonment for the lesser included offense and which allowed him presentence credit for 3317 days (March 22, 2006, to April 21, 2015).

¶ 8 On April 24, 2015, the State moved to amend the sentencing order so as to allow presentence credit for June 27, 2007, onward instead of March 22, 2006, onward.

¶ 9 On June 29, 2015, pursuant to the State's motion, the trial court entered a second amended sentencing judgment, which revised the presentence credit to 2923 days (June 27, 2007, to June 28, 2015), as provided in a docket entry for the previous day, June 28, 2015.

¶ 10 On August 3, 2016, defendant filed a *pro se* motion entitled "Motion To Amend and Correct Mittimus." In the motion, he argued he was entitled to additional presentence credit for the 42 days he spent in jail and prison from March 22 to May 2, 2006 (we count 41 days), as well as the 215 days he was on house arrest from May 3 to December 8, 2006 (we count 219 days).

¶ 11 On October 14, 2016, the trial court held a hearing on the *pro se* motion. Defense counsel told the court it appeared to him, from his review of the docket entries in the case, that defendant had received all the presentence credit he was seeking in his *pro se* motion. Accordingly, the court denied the *pro se* motion.

¶ 12 On October 24, 2016, defendant filed a notice of appeal from the order of October 14, 2016. On November 10, 2016, the Office of the State Appellate Defender filed an amended notice of appeal, again from the order of October 14, 2016.

## II. ANALYSIS

### A. The Jurisdictional Prerequisite of a Timely Notice of Appeal

"Except as provided in [Illinois Supreme Court Rule 604(d) (eff. Dec. 11, 2014)]"—which is inapplicable because it pertains to appeals by defendants on judgments entered upon guilty pleas—"the notice of appeal must be filed with the clerk of the circuit court within 30 days after the entry of the final judgment appealed from or if a motion directed against the judgment is timely filed, within 30 days after the entry of the order disposing of the motion." Ill. S. Ct. R. 606(b) (eff. Dec. 11, 2014). Our subject-matter jurisdiction depends on the filing of a notice of appeal within the time prescribed by Rule 606(b). See Ill. S. Ct. R. 606(a) (eff. Dec. 11, 2014) ("No step in the perfection of the appeal *other than the filing of the notice of appeal* is jurisdictional." (Emphasis added.)); *People v. Kellerman*, 342 Ill. App. 3d 1019, 1023 (2003) ("The timely filing of a notice of appeal is necessary for an appellate court to have jurisdiction over a criminal matter.").

To comply with this jurisdictionally significant procedure in Rule 606(b), it is necessary to identify the final judgment. The final judgment in a criminal case is the entry of the sentence. *People v. Salem*, 2016 IL 118693, ¶ 12. The trial court entered the second amended sentencing judgment on June 29, 2015. Therefore, under Rule 606(b), defendant had 30 days after June 29, 2015, to file either a motion directed against the judgment or a notice of appeal. He did neither. Ergo, we lack jurisdiction over this appeal. See *Kellerman*, 342 Ill. App. 3d at 1023.

### B. The Jurisdiction To Amend a Mittimus at Any Time

Defendant argues that, despite his filing of a notice of appeal more than a year after the entry of the second amended sentencing judgment, we have jurisdiction. The reason, he argues, is that "[a]n amended mittimus may be issued at any time" and he filed a notice of appeal within 30 days after the denial of his "Motion To Amend or Correct Mittimus." *People v. Quintana*, 332 Ill. App. 3d 96, 110 (2002).

Cases holding that a mittimus can be amended at any time presuppose the existence of (1) a sentencing judgment, which is part of the record, and (2) a separate and distinct mittimus, or warrant of commitment, which is not part of the record and which conflicts with the sentencing judgment. *People v. Wagner*, 390 Ill. 384, 386 (1945); *Quintana*, 332 Ill. App. 3d at 110; *People v. Miles*, 117 Ill. App. 3d 257, 260 (1983). In the present case, a separate and distinct mittimus or warrant of commitment does not exist. Because it is the second amended sentencing judgment, rather than a separately issued mittimus, that defendant seeks to modify and because defendant failed to file a timely notice of appeal from the second amended sentencing judgment, we lack jurisdiction to grant him additional sentencing credit. See *People v. Morrison*, 2016 IL App (4th) 140712, ¶ 38 (Harris, J., specially concurring); *id.* ¶ 21 (majority opinion) (agreeing with Justice Harris's special concurrence).

Granted, in *People v. White*, 357 Ill. App. 3d 1070, 1072-73 (2005), the defendant filed a motion for additional presentence credit more than 30 days after sentencing, and the Third District held that the trial court had "retain[ed] jurisdiction to consider correcting nonsubstantial matters, such as amendment of the mittimus, after it ha[d] otherwise relinquished jurisdiction." It appears, though, that the Third District regarded a mittimus as synonymous with a "sentencing order." *Id.* To be sure, since the passage of Public Act 84-622, § 1 (eff. Sept. 20, 1985), the sentencing order " 'constitute[s] the mittimus, and no

separate mittimus need be issued.' " (Emphasis omitted.) *Morrison*, 2016 IL App (4th) 140712, ¶ 35 (Harris, J., specially concurring) (quoting 735 ILCS 5/2-1801(a) (West 2014)). But, again, the reason why, traditionally, a mittimus could be amended at any time was that it was *not* the underlying sentencing order but was instead merely a warrant of commitment, external to the record. *People v. Anderson*, 407 Ill. 503, 505 (1950); *Wagner*, 390 Ill. at 386; *People v. Daulley*, 387 Ill. 403, 405 (1944); *People v. Stacey*, 372 Ill. 478, 480-81 (1939). Therefore, if by a "mittimus" *White* means a sentencing order, we respectfully disagree with *White* that a trial court retains jurisdiction to amend a "mittimus" so as to grant additional presentence credit after the court "otherwise relinquished jurisdiction." *White*, 357 Ill. App. 3d at 1073.

¶ 21                    C. The Jurisdiction To Enter *Nunc Pro Tunc* Orders at Any Time

¶ 22        The second doctrine that defendant invokes in an attempt to alleviate the jurisdictional problem is that "trial courts retain jurisdiction to correct nonsubstantial matters of inadvertence or mistake." *People v. Nelson*, 2016 IL App (4th) 140168, ¶ 39. *Nelson*, however, was referring to the correction of a "simple error in arithmetic." *Id.* The determination of presentence credit requires more than arithmetic. To determine presentence credit, the trial court must determine which days the defendant was "in custody as a result of the offense for which the sentence was imposed." 730 ILCS 5/5-8-7(b) (West 2006). But see 730 ILCS 5/5-4-1(e)(4) (West 2016) (stating that the *clerk of the court* shall inform the Illinois Department of Corrections of "the number of days, if any, which the defendant has been in custody and for which he is entitled to credit against the sentence, *which information shall be provided to the clerk by the sheriff*" (emphases added)). If the court ruled that the defendant was entitled to presentence credit from a specified date to the date of sentencing but the court miscalculated the number of days in that period, the error would be correctable by a *nunc pro tunc* order because the incorrect sum of days fails to conform to the court's ruling as shown in the record. *Nelson*, 2016 IL App (4th) 140168, ¶ 39. "The purpose of a *nunc pro tunc* order is to make the present record correspond with what the court actually decided in the past. Such orders may be used to correct clerical errors, but may not be used to challenge a court's previous decision." *White*, 357 Ill. App. 3d at 1072. If the trial court decides that defendant is entitled to presentence credit from June 27, 2007, onward, that decision is not correctable by a *nunc pro tunc* order.

¶ 23        True, *we* decided in the past that defendant was entitled to presentence credit for the additional period of March 22 to 29, 2006 (*Coleman*, 391 Ill. App. 3d at 984), but we are a different court from the trial court. When referring to "what *the* court actually decided in the past," *White* means the court that made the clerical error, not a different court. (Emphasis added.) *White*, 357 Ill. App. 3d at 1072. In his "Motion To Amend and Correct Mittimus"—and also in this appeal—defendant challenges the trial court's substantive decision to award him presentence credit only for the period of June 27, 2007, to June 28, 2015. He contends that, under section 5-8-7(b) of the Unified Code of Corrections (730 ILCS 5/5-8-7(b) (West 2006)) and under the law of the case as established in *Coleman*, 391 Ill. App. 3d at 984, he is entitled to additional presentence credit for periods before June 27, 2007. In short, he challenges a judicial error. That is what a judicial error is: a failure to follow the law, whether it be the law of the case or some other law. "A record in a criminal case may be amended by a *nunc pro tunc* order to correct clerical errors and to make the

- 4 -

record speak the truth. [Citation.] Such an order cannot be employed to correct a judicial error." *People v. Wos*, 395 Ill. 172, 175 (1946).

¶ 24                                III. CONCLUSION

¶ 25        For the foregoing reasons, we dismiss this appeal for lack of subject-matter jurisdiction.

¶ 26        Appeal dismissed.