# Illinois Official Reports

## Appellate Court

---

### *People v. Scheurich*, 2019 IL App (4th) 160441

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DAVID E. SCHEURICH, Defendant-Appellant. |
| District & No. | Fourth District<br>Docket Nos. 4-16-0441, 4-16-0468, 4-17-0367 cons. |
| Filed | February 28, 2019 |
| Decision Under Review | Appeal from the Circuit Court of Champaign County, No. 14-CF-52; the Hon. John R. Kennedy, Judge, presiding. |
| Judgment | Nos. 4-16-0468 and 4-17-0367, Appeals dismissed.<br>No. 4-16-0441, Affirmed. |
| Counsel on Appeal | James E. Chadd, Jacqueline L. Bullard, and Susan M. Wilham, of State Appellate Defender's Office, of Springfield, for appellant.<br><br>Julia Rietz, State's Attorney, of Urbana (Patrick Delfino, David J. Robinson, and Luke McNeill, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | JUSTICE HARRIS delivered the judgment of the court, with opinion. Presiding Justice Holder White and Justice DeArmond concurred in the judgment and opinion. |

**OPINION**

¶ 1        Defendant, David E. Scheurich, pleaded guilty to driving under the influence of alcohol (DUI) (625 ILCS 5/11-501(a)(2), (d)(1)(A) (West 2012)). In July 2014, defendant was sentenced *in absentia* to seven years' imprisonment and awarded two days of sentence credit. Nearly a year later, defendant was arrested in Cleburne County, Arkansas, for an unrelated offense and extradited to Illinois.

¶ 2        In February 2016, defendant filed a postconviction petition, alleging ineffective assistance of counsel. The court dismissed his postconviction petition, and defendant filed a notice of appeal (docketed in this court as case No. 4-16-0441). Subsequently, defendant filed a motion to amend the mittimus and a "motion for an order *nunc pro tunc*" requesting additional sentence credit. The court denied the motions, and defendant filed notices of appeal (docketed in this court as case Nos. 4-16-0468 and 4-17-0367). Defendant's three appeals have been consolidated for review.

¶ 3        On appeal, defendant argues that (1) he is entitled to presentence custody credit for time spent in detention in Arkansas and (2) fines improperly imposed by the circuit clerk should be vacated. We dismiss the appeals in case Nos. 4-16-0468 and 4-17-0367 for lack of jurisdiction and affirm the trial court's judgment dismissing the postconviction petition in case No. 4-16-0441.

¶ 4                                         I. BACKGROUND

¶ 5        In January 2014, the State charged defendant with aggravated driving with an alcohol concentration of 0.08 or more (625 ILCS 5/11-501(a)(1), (d)(1)(A) (West 2012)) (count I) and aggravated DUI (*Id.* § 11-501(a)(2), (d)(1)(A)) (count II).

¶ 6        On May 2, 2014, defendant pleaded guilty to count I. In exchange, the State agreed to a sentencing cap of six years and the dismissal of the remaining count. On July 7, 2014, defendant failed to appear at his sentencing hearing, and the trial court sentenced him *in absentia* to seven years' imprisonment with two days of sentence credit.

¶ 7        Nearly a year later, on June 23, 2015, defendant was arrested and placed in custody on unrelated charges in Cleburne County, Arkansas. He pleaded guilty to those charges on June 24, 2015, and he was sentenced to pay fines and costs. On that same day, an out-of-state hold was placed on defendant. On July 2, 2015, an "application for requisition" was made by the Champaign County State's Attorney requesting the rendition of defendant from Arkansas to the Champaign County Sheriff. Defendant was subsequently returned to Champaign County and held in custody.

¶ 8        On August 10, 2015, defendant appeared in custody in this case. Defendant was advised of the sentence imposed *in absentia* on July 3, 2014, and was remanded to the custody of the Illinois Department of Corrections.

¶ 9        On February 29, 2016, defendant filed a petition for postconviction relief, arguing he received ineffective assistance of counsel because his counsel failed to present mitigating evidence at the sentencing hearing. The trial court summarily dismissed defendant's postconviction petition. Defendant filed a motion to reconsider, and the court denied that motion on April 27, 2016.

¶ 10    On May 24, 2016, defendant filed his first notice of appeal (case No. 4-16-0441), in which he stated he was appealing the dismissal of his postconviction petition and the "sentencing order."

¶ 11    On May 26, 2016, defendant *pro se* filed in the trial court a "[m]otion to [a]mend [m]ittimus," seeking additional sentence credit for time spent in custody in Arkansas pending his extradition to Illinois. On June 9, 2016, the court denied defendant's motion to amend the mittimus. Defendant filed a second notice of appeal (case No. 4-16-0468) that same day, stating he was appealing the "conviction, sentence and denial of his motion to amend mittimus correcting omission in previous order."

¶ 12    On March 29, 2017, defendant *pro se* filed in the trial court a motion for an order *nunc pro tunc*, again seeking credit for time spent in detention in Arkansas. On March 30, 2017, the court denied defendant's motion for an order *nunc pro tunc*. On May 8, 2017, defendant *pro se* filed a third notice of appeal (case No. 4-17-0367), in which he appealed the denial of his motion for order *nunc pro tunc*.

¶ 13    Defendant's three appeals have been consolidated for review.

¶ 14                                    II. ANALYSIS

¶ 15    Defendant argues on appeal that (1) he is entitled to presentence custody credit for time spent in detention in Arkansas and (2) fines improperly imposed by the circuit clerk should be vacated. In its brief, the State concedes both issues.

¶ 16                          A. Claims for Presentence Custody Credit in
                                    Case Nos. 4-16-0468 and 4-17-0367

¶ 17    Preliminary to our consideration of the above issues, we note that "[a] reviewing court has an independent duty to consider issues of jurisdiction, regardless of whether either party has raised them." *People v. Smith*, 228 Ill. 2d 95, 104, 885 N.E.2d 1053, 1058 (2008). Defendant, in this case, filed his first notice of appeal on May 24, 2016. "When the notice of appeal is filed, the appellate court's jurisdiction attaches *instanter*, and the cause is beyond the jurisdiction of the trial court." *People v. Bounds*, 182 Ill. 2d 1, 3, 694 N.E.2d 560, 561 (1998). After the filing of a notice of appeal, the trial court is "divest[ed] *** of jurisdiction to enter additional orders of substance in a case." *People v. Kolzow*, 332 Ill. App. 3d 457, 459, 772 N.E.2d 903, 904 (2002). Further, " 'the trial court may not enter an order that would modify the order or judgment being appealed or have the effect of interfering with the appellate court's review of it.' " *People v. McCray*, 2016 IL App (3d) 140554, ¶ 23, 64 N.E.3d 750 (quoting *Kolzow*, 332 Ill. App. 3d at 459). "A ruling made by a [trial] court in the absence of subject matter jurisdiction is void." *People v. Flowers*, 208 Ill. 2d 291, 306, 802 N.E.2d 1174, 1183 (2003); see also *People v. Castleberry*, 2015 IL 116916, ¶ 11, 43 N.E.3d 932. In the absence of subject-matter jurisdiction, "[t]he only continuing power the [trial] court possesse[s] over the case [is] limited to enforcement of the judgment or correction of clerical errors or matters of form so that the record conformed to the judgment actually rendered." *Flowers*, 208 Ill. 2d at 306-07.

¶ 18    Here, defendant's first notice of appeal filed on May 24, 2016, divested the trial court of jurisdiction to consider any matters beyond those that were collateral or incidental to the sentencing judgment. Nonetheless, defendant subsequently filed, and the trial court entered

orders denying, a motion to amend the mittimus and a motion for an order *nunc pro tunc*, all in the absence of subject-matter jurisdiction. As explained below, defendant's motions requesting additional sentence credit involved matters that were beyond the continuing power possessed by the court after the first notice of appeal was filed, and thus, its orders denying the motions were void.

¶ 19    The critical inquiry here is whether defendant's motion to amend mittimus and motion for order *nunc pro tunc* sought the exercise of the trial court's "continuing power" to correct "clerical errors" or enforce the judgment as described in *Flowers* or instead amounted to untimely requests to modify the trial court's sentencing judgment. *People v. Latona*, 184 Ill. 2d 260, 278, 703 N.E.2d 901, 910 (1998) ("While a court may not *modify* its judgment after it has lost jurisdiction of a case, it may *correct* the record to make it accurately reflect the judgment that was in fact entered." (Emphases in original.)).

¶ 20    In his motions to amend the mittimus and for an order *nunc pro tunc*, defendant requested that the trial court grant him an additional 49 days of presentence custody credit representing the time he was in custody in Arkansas, a period of incarceration not referenced in the court's sentencing judgment. In other words, defendant's two motions seeking additional sentence credit, filed after the first notice of appeal, were directed at substantively modifying the sentencing judgment. They required proof that defendant was "in custody as a result of the offense for which the sentence was imposed" during the time he was detained in Arkansas. See 730 ILCS 5/5-8-7(b) (West 2006) (now codified at 730 ILCS 5/5-4.5-100 (West 2012)) ("The offender shall be given credit on the determinate sentence *** for time spent in custody as a result of the offense for which the sentence was imposed ***."); see also *People v. Coleman*, 2017 IL App (4th) 160770, ¶ 22, 90 N.E.3d 1043 ("To determine presentence credit, the trial court must determine which days the defendant was 'in custody as a result of the offense for which the sentence was imposed.' " (quoting 730 ILCS 5/5-8-7(b) (West 2006))).

¶ 21    Obviously, the sentencing judgment (entered *in absentia*) makes no reference to defendant's incarceration in Arkansas—his arrest in Arkansas did not occur until almost a year *after* the judgment was entered. Thus, it is clear that defendant's motions to amend mittimus and for order *nunc pro tunc* were not aimed at correcting "clerical errors" or "nonsubstantial matters of inadvertence or mistake" but instead sought to substantively amend the sentencing judgment.

¶ 22    In light of our determination that defendant's motions to amend mittimus and for an order *nunc pro tunc* sought relief beyond the "continuing power" possessed by the trial court, we find the court's orders denying the motions in the absence of subject-matter jurisdiction were void. *Flowers*, 208 Ill. 2d at 306. Consequently, we are without jurisdiction to consider the court's denials of defendant's motions seeking additional sentence credit (case Nos. 4-16-0468 and 4-17-0367). See *id.* at 307 ("A void order does not cloak the appellate court with jurisdiction to consider the merits of an appeal.").

¶ 23    We take this opportunity to further consider whether a mittimus may be amended or modified "at any time" to address claims for additional sentence credit, an argument sometimes made by defendants in this court. See, *e.g.*, *Coleman*, 2017 IL App (4th) 160770, ¶ 18; *People v. Morrison*, 2016 IL App (4th) 140712, ¶ 13, 64 N.E.3d 821. We do so because, if it is an accurate statement of the law, arguably there would exist no jurisdictional bar to our consideration of the trial court's order denying defendant's motion to amend mittimus. Historically, the law distinguished between a "mittimus," defined as "[a] court order or warrant

directing a jailer to detain a person until ordered otherwise" (Black's Law Dictionary (10th ed. 2014)) and a sentencing judgment. In cases where a separate mittimus was issued, the mittimus—unlike the sentencing judgment—was not made a part of the common-law record. *People v. Anderson*, 407 Ill. 503, 505, 95 N.E.2d 366, 367 (1950). And in those cases where the language of the separately issued mittimus varied with the judgment, it was held that "the latter prevails" and "correct *mittimi* may be issued *at any time*." (Emphasis added.) *Id.*; see also *People v. Miles*, 117 Ill. App. 3d 257, 259, 453 N.E.2d 68, 69-70 (1983) ("[I]n case of variance between the *mittimus* and the judgment, the latter will prevail[,] and *** an amended *mittimus* may be issued at any time.").

¶ 24     In 1985, the Illinois legislature eliminated the need for a separately issued mittimus. Pub. Act 84-622, § 1 (eff. Sept. 20, 1985) (adding Ill. Rev. Stat. 1985, ch. 110, ¶ 2-1801). Section 2-1801(a) of the Code of Civil Procedure (735 ILCS 5/2-1801(a) (West 2014)) reads, in part, as follows:

> "In all cases, including criminal, quasi-criminal and civil, when a person is imprisoned, incarcerated, confined or committed to the custody of a sheriff, warden, Department of Corrections or other executive officer by virtue of a judgment or order which is signed by a judge, *a copy of such judgment or order shall, in each case, constitute the mittimus, and no separate mittimus need be issued*." (Emphasis added.)

The statute made a mittimus—issued separately from the sentencing judgment—superfluous, and it is now a rarity. Today, courts rely on the sentencing judgment to not only document the terms of the defendant's sentence but also to convey the terms of the sentence to the penal institution that is receiving the defendant for incarceration.

¶ 25     In this case, defendant styled his motion as a "[m]otion to [a]mend [m]ittimus." However, there existed no "mittimus" issued separately from the sentencing judgment. Rather, it is clear from defendant's motion that he was requesting that the *sentencing judgment* itself be amended. *People v. Smith*, 371 Ill. App. 3d 817, 821, 867 N.E.2d 1150, 1154 (2007) ("[A] motion's content determines its character, not the title or label asserted by the movant."). As discussed, a mittimus may be amended or modified "at any time" but *only* if it is a separately issued mittimus and where its terms are at variance with the sentencing judgment. Clearly, that is not the situation here.

¶ 26     In *People v. Young*, 2018 IL 122598, ¶ 31, 115 N.E.3d 194, our supreme court considered the defendant's claim that he was entitled to additional presentence custody credit. The defendant in *Young* argued, *inter alia*, the appellate court should have addressed his "claim for presentence custody credit as a motion to correct the mittimus." *Id.* ¶ 29. The supreme court stated:

> "[T]he appellate court is authorized to order correction of a mittimus only where it is inconsistent with the judgment entered by the circuit court. That is not the circumstance presented here. *** The relief defendant seeks is not correction of the mittimus but, rather, amendment of the sentencing judgment to reflect the correct calculation of the amount of presentence custody credit to which he is entitled." *Id.* ¶¶ 29-30.

The court in *Young* determined such relief was not available to the defendant on appeal from the dismissal of his postconviction petition. *Id.* ¶ 30.

¶ 27     Here, although defendant moved to amend "the mittimus," no separate mittimus existed, and the proposition of law that a mittimus may be amended "at any time" simply does not

apply. Therefore, we again find we are without jurisdiction to consider defendant's claims for additional sentence credit.

¶ 28                                    B. Case No. 4-16-0441

¶ 29        We now address the appeal in case No. 4-16-0441, the only appeal properly before this court. As indicated, this appeal relates to the dismissal of defendant's postconviction petition. In his postconviction petition, defendant argued he received ineffective assistance of counsel because counsel at the sentencing hearing failed to present mitigating evidence. However, on appeal, defendant fails to present any argument relating to the dismissal of his postconviction petition. Thus, any claim of error relating to this issue is forfeited. See Ill. S. Ct. R. 341(h)(7) (eff. Jan. 1, 2016) ("Points not argued are waived ***.").

¶ 30                                    C. Fines and Fees

¶ 31        Finally, we consider defendant's claim that fines improperly imposed by the circuit clerk should be vacated.

¶ 32        Generally, "[a]lthough circuit clerks can have statutory authority to impose a fee, they lack authority to impose a fine, because the imposition of a fine is exclusively a judicial act." (Emphases omitted.) *People v. Smith*, 2014 IL App (4th) 121118, ¶ 18, 18 N.E.3d 912. However, our supreme court found in *People v. Vara*, 2018 IL 121823, ¶ 23, 115 N.E.3d 53, "that the appellate court lacked jurisdiction to review the clerk's recording of mandatory fines that were not included as part of the circuit court's final judgment." The court explained the underlying rationale as follows:

    "Because the circuit clerk had no authority to levy any fines against defendant, the recording of the additional fines was invalid and unenforceable. However, the fact that the clerk's action was improper does not mean that defendant can challenge the unauthorized fines through the appeal process. The appellate court is constitutionally vested with jurisdiction to review final judgments entered by circuit courts. The recording of a fine is a clerical, ministerial function and is not a judgment—void or otherwise. Therefore, the improper recording of a fine is not subject to direct review by the appellate court." *Id.*

Following the supreme court's decision in *Vara*, "[a]ny questions as to the accuracy of the data entries included in the payment status information must be resolved through the cooperation of the parties and the circuit clerk or by the circuit court in a *mandamus* proceeding." *Id.* ¶ 31.

¶ 33        Here, defendant challenges the following assessments imposed by the circuit clerk: (1) $50 court-finance fee, (2) $40 state's attorney assessment, (3) $10 arrestee's medical assessment, (4) $5 spinal-cord-research assessment, (5) $100 trauma-fund assessment, (6) $1500 traffic/ criminal surcharge, (7) $5 clerk-operations assessment and "admin-serious traffic violation assessment," (8) $5 drug-court-program assessment, (9) $200 "DUI new equipment assessment," (10) $600 driver's education assessment, (11) $400 "DUI IL general revenue assessment," (12) $15 Fire Prevention Fund assessment, (13) $15 Fire Truck Revolving Loan Fund assessment, (14) $10 State Police Services Fund assessment, (15) $10 State Police Operations Assistance Fund assessment, and (16) $10 "clerk operations and admin fund" assessment. In light of the supreme court's decision in *Vara*, we find we lack jurisdiction to

address this issue.

¶ 34                               III. CONCLUSION

¶ 35        For the reasons stated, we dismiss the appeals in case Nos. 4-16-0468 and 4-17-0367 for lack of jurisdiction and affirm the trial court's judgment in case No. 4-16-0441. As part of our judgment, we award the State its $50 statutory assessment against defendant as costs of this appeal. 55 ILCS 5/4-2002 (West 2016).

¶ 36        Nos. 4-16-0468 and 4-17-0367, Appeals dismissed.

¶ 37        No. 4-16-0441, Affirmed.