THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. WARREN R. WOZNICK, Defendant-Appellant.

Fourth District   No. 4—90—0493

Opinion filed February 26, 1991.

Daniel D. Yuhas and Arden J. Lang, both of State Appellate Defender's Office, of Springfield, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Kenneth R. Boyle, Robert J. Biderman, and James Majors, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McCULLOUGH delivered the opinion of the court:

On June 22, 1990, the circuit court of Champaign County, pursuant to a revocation of the defendant's probation, sentenced the defendant to four years in the Department of Corrections. The defendant was given credit for time served, 149 days, which was ordered as a part of his original probation, and also was given credit for time served for the period of time from the filing of the petition to revoke probation, April 30, 1990, to and including June 22, 1990, the date that he was sentenced on the probation revocation. The defendant appeals, asserting that he was entitled to credit for time served from January 24, 1990, to and through April 29, 1990, the day preceding the day the petition to revoke probation was filed. We affirm.

The defendant had been originally sentenced in this case, Champaign County case No. 88—CF—1160, to two years' probation on January 4, 1989, and, as part of the probation order, he was to be incarcerated for 149 days and was given credit for the 149 days served. On January 24, 1990, the defendant was arrested for the charges of unlawful use of weapons, unlawful possession of weapons by a felon, and unlawful possession of cannabis, docketed Champaign County case No. 90—CF—144. A petition to revoke probation filed by the State on April 30, 1990, alleged the unlawful possession of cannabis on two different occasions and the unlawful use of a weapon. The defendant admitted to the charges of unlawful possession of cannabis as alleged in the petition to revoke, and the State dismissed Champaign County case Nos. 90—CM—69 and 90—CF—144.

The defendant argues that he is entitled to credit from January 24, 1990, to April 29, 1990, for time spent in custody in the Champaign County case No. 90—CF—144. The trial court denied the defendant credit against the sentence on the revocation of probation for the time January 24, 1990, to April 29, 1990.

The defendant is not entitled to credit for time served in custody on an unrelated charge. The defendant in this case was sentenced for aggravated battery, not for the charges which were filed as a result of the arrest on January 24, 1990. Section 5—8—7(b) of the Unified Code

of Corrections (Code) provides in part: "The offender shall be given credit on the determinate sentence *** for time spent in custody as a result of the offense for which the sentence was imposed ***." Ill. Rev. Stat. 1989, ch. 38, par. 1005—8—7(b).

The defendant was sentenced on the probation revocation for the offense of aggravated battery. The charges which were filed as a result of the arrest on January 24, 1990, were for unrelated charges of possession of cannabis and the unlawful use of a weapon.

As stated in *People v. Leggans* (1986), 140 Ill. App. 3d 268, 271, 488 N.E.2d 614, 616:

> "Defendant contends that he should also receive credit for September 22, the date of his arrest, and September 23. However, he was arrested on a battery charge that was an allegation in the amended petition to revoke probation. The initial arrest on the battery charge was unrelated to the aggravated battery proceeding that is the subject of this appeal, and defendant should not receive credit on the offense upon his conviction in the case at bar for September 22 and 23."

The appellate court in *People v. Kane* (1985), 136 Ill. App. 3d 1030, 1036, 484 N.E.2d 296, 300, said:

> "In applying the above statutory provisions to the case at bar, we conclude that the defendant is not entitled to credit for the time which she spent in custody on the unrelated offense (unlawful possession of a controlled substance with intent to deliver). Subsection (b) of the statute only requires the granting of credit for time spent in custody as a result of 'the offense for which the sentence was imposed.' "

As in the instant case, the *Kane* court found that the defendant "should not receive credit for the two days she spent in jail for unlawful possession of a controlled substance with intent to deliver" in a separate case. *Kane*, 136 Ill. App. 3d at 1036, 484 N.E.2d at 300.

Section 5—8—7(c) of the Code states:

> "(c) An offender arrested on one charge and prosecuted on another charge for conduct which occurred prior to his arrest shall be given credit on the determinate sentence or maximum term and the minimum term of imprisonment for time spent in custody under the former charge not credited against another sentence." Ill. Rev. Stat. 1989, ch. 38, par. 1005—8—7(c).

With respect to the argument as to the applicability of section 5—8—7(c), the *Kane* court stated:

> "We find defendant's contention to be without merit, inasmuch as the revocation of defendant's probation was merely an

incident of her 1983 sentence. The error in the defendant's logic is her characterization of the revocation of her probation as a 'prosecution'—a mistake which allows her to begin with the second offense instead of the first. Her 'prosecution,' however, had already taken place. It began with the filing of the information on September 21, 1983, and concluded with the acceptance of her plea of guilty on October 3, 1983." *Kane*, 136 Ill. App. 3d at 1036-37, 484 N.E.2d at 301.

Further reason to reject the defendant's argument that subsection (c) applies is the council commentary in Smith-Hurd (Ill. Ann. Stat., ch. 38, par. 1005—8—7, Council Commentary, at 224 (Smith-Hurd 1982)), which states section 5—8—7(c) applies when the offender is arrested on one charge and the "charge is dropped in favor of a new charge which results in conviction and imprisonment." The petition to revoke probation was not a new charge which resulted in conviction and imprisonment.

The defendant is not entitled to credit for the time served from January 24 to April 29, 1990; the circuit court of Champaign County correctly computed the credit for time served.

Affirmed.

GREEN and SPITZ, JJ., concur.