2020 IL App (1st) 180914-U

No. 1-18-0914

Order filed March 3, 2020

Second Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 09 CR 2065604 |
| | ) | |
| JOSE RUIZ, | ) | Honorable |
| | ) | William G. Lacy, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE PUCINSKI delivered the judgment of the court.
Presiding Justice Fitzgerald Smith and Justice Lavin concurred in the judgment.

**ORDER**

¶ 1    *Held*: Defendant's appeal from the denial of his motion to correct the mittimus is dismissed for lack of jurisdiction.

¶ 2    Defendant Jose Ruiz appeals from the trial court's order denying his motion to correct the mittimus *nunc pro tunc* to reflect additional presentence custody credit. On appeal, he contends that the trial court erred in denying his motion when the additional days were part of his negotiated plea agreement. We dismiss.

¶ 3     On February 3, 2014, defendant entered a negotiated plea of guilty to criminal drug conspiracy (720 ILCS 570/405.1(a), 401 (West 2008)) in exchange for a sentence of 15 years in prison. The trial court accepted defendant's plea, imposed the sentence, and admonished him regarding his appeal rights. The court stated that in order to exercise his right to appeal, defendant must file within 30 days a written motion to withdraw his guilty plea in the trial court stating all the reasons he wished to withdraw his plea, and that any reasons not listed in the motion would be waived. The court further stated that if the motion were granted, any counts that were dismissed as a result of the plea would be reinstated and the case set for trial. If the motion were denied, defendant would have 30 days to file a notice of appeal. The court finally noted that if defendant could not afford an attorney to help prepare the motion to withdraw or notice of appeal, the court would appoint one and provide a free transcript of the plea hearing. Defendant indicated that he understood.

¶ 4     The court then asked for defendant's "time in" and defense counsel replied 1568 days. The court stated that 1568 days of presentence custody credit would be reflected on defendant's mittimus.  The following exchange then took place:

> "[DEFENSE COUNSEL]: There was one other thing; with regard to [defendant], he participated in the inmate behavioral management program, and by my calculations he's been there for 645 days. He has earned his GED and he's also been nominated as a tutor for other inmates[;] to the effect that the Illinois Department of Corrections recognizes that service, I actually requested the State if I could put that in a written order so that it could be made part of the file as well.
>
> THE COURT: You can put it in writing and we will attach it to the mit.

[DEFENSE COUNSEL]: Okay."

¶ 5 Defendant's mittimus reflects 1568 days of presentence custody credit. The common law record contains an unsigned "order" dated February 3, 2014, which states that defendant participated in the "Behavioral Management Program" for 645 days, earned his GED, and was nominated as a tutor for other inmates while in the program. Defendant did not file a motion to withdraw the plea or a notice of appeal.

¶ 6 On September 28, 2017, defendant filed a *pro se* motion for an order to correct the mittimus *nunc pro tunc*. The motion alleged that after defendant was "assured" by counsel and the trial court that he would receive the school good time credit, he entered a plea of guilty to criminal drug conspiracy, but the mittimus did not reflect 382.5 days of that credit. The motion concluded that the school good time credit was part of defendant's negotiated plea agreement and "the promise must be fulfilled."

¶ 7 The trial court denied defendant relief on December 21, 2017, stating that the court did not believe "that if [the school good time credit] was brought up[,] it was dealt with at the time of the plea of guilty" and finding that there was no mandatory requirement that defendant receive "extra credit" for taking classes unless the classes involved drug rehabilitation. Defendant mailed a *pro se* notice of appeal on January 25, 2018. On May 10, 2018, this court granted defendant's motion for leave to file a late notice of appeal.[1]

---

[1] The record also reflects that in February 2018, defendant filed a *pro se* petition for relief from judgment pursuant to section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2018)). On May 18, 2018, the circuit court denied defendant's petition, which is not at issue in this appeal.

¶ 8      On appeal, defendant contends that the trial court erred when it denied his motion to correct the mittimus *nunc pro tunc*, as the school good time credit was part of defendant's negotiated plea bargain.

¶ 9      Before reaching the merits of defendant's contention, we must ascertain whether we have jurisdiction to consider this appeal. Although neither party raises the question, this court has an independent duty to consider its jurisdiction. See *People v. Thompson*, 2015 IL 118151, ¶ 26. We find that we lack jurisdiction to consider defendant's appeal from the denial of his motion to correct the mittimus, as the trial court lacked jurisdiction over the motion in the first instance.

¶ 10     *People v. Blancas*, 2019 IL App (1st) 171127, is instructive. In that case, the defendant entered a blind plea of guilty to two counts of aggravated driving under the influence (DUI) and two counts of reckless homicide in 2006. He was sentenced to concurrent 18-year prison terms for one count of aggravated DUI and one count of reckless homicide. The defendant did not file a motion to withdraw the plea or a direct appeal. In 2017, the defendant filed a *pro se* motion to correct the mittimus alleging that he was " 'led to believe' " that if he entered a guilty plea his sentence would be 18 years with day-for-day credit. *Id.* ¶ 8. The trial court denied the motion. *Id.*

¶ 11     On appeal, we first noted that the defendant's filing was a " 'motion to correct mittimus,' " and under a prior decision of this court, we would lack jurisdiction because the denial of such a motion was not an appealable order. *Id.* ¶ 12. We then noted that the case that held such, *People v. Griffin*, 2017 IL App (1st) 143800, ¶ 26, was vacated by our supreme court in a supervisory order (*People v. Griffin*, 2019 IL 122549 (Apr. 18, 2019)), and, therefore, no longer precedential. *Blancas*, 2019 IL App (1st) 171127, ¶ 12. However, the supervisory order itself was not precedent, and did not "express the court's disapproval of that analysis." *Id.*

¶ 12     We then noted that several supreme court justices agreed with the disposition in *Griffin* on alternate grounds. *Id.* ¶ 13 (quoting *Griffin*, 2019 IL 122549, ¶ 11 (Burke, J., dissenting, joined by Kilbride and Neville, JJ.) ("I would affirm on grounds different than those set forth in the appellate court's decision.")). Accordingly, we took the "opportunity to resuscitate [the] core holding in *Griffin*," and found that the appellate court lacks jurisdiction over appeals from denials of motions to correct the "mittimus" that are not aimed at either clerical errors or the other errors enumerated in Supreme Court Rule 472 (Ill. S. Ct. R. 472 (eff. May 17, 2019)). *Blancas*, 2019 IL App (1st) 171127, ¶ 13.

¶ 13     We then related the facts of *Griffin*. In that case, the defendant was arrested on weapons charges and, while in custody, was linked to a burglary offense. *Id*. ¶ 14 (citing *Griffin*, 2019 IL 122549, ¶ 13). He subsequently plead guilty in both cases. In the weapons case he received 682 days of presentence custody credit against his 5-year sentence and in the burglary case he received 316 days of presentence custody against his 6-year sentence. *Id.* ¶ 14 (citing *Griffin*, 2019 IL 122549, ¶¶ 14-15). Rather than filing a motion to withdraw his pleas or an appeal, the defendant filed a " 'Motion For Order *Nunc Pro Tunc* (Correcting Mittimus),' " arguing that he was denied custody credit in the burglary case when he was in custody for both offenses starting at the same time. *Id*. ¶ 14 (citing *Griffin*, 2019 IL 122549, ¶ 16). The trial court denied the motion and the defendant appealed. On appeal, this court found the trial court had jurisdiction because clerical errors on a sentencing judgment could be challenged at any time, but that we lacked jurisdiction over the defendant's appeal from the denial of his motion for an order *nunc pro tunc* correcting the mittimus because the denial of a motion to correct the mittimus was not a final appealable order. *Id*. ¶ 15 (citing *Griffin*, 2019 IL 122549, ¶ 21).

¶ 14    The *Blancas* court then noted that in the supervisory order, Justice Burke, joined by Justices Kilbride and Neville, agreed that *Griffin* properly stated the rule about a trial court's jurisdiction to correct clerical errors at any time, but " 'misapplied' " the rule to the facts because the defendant did not claim that the sentencing order differed from the trial court's sentencing pronouncement; rather, he alleged that the trial court made a substantive mistake in calculating his custody credit. *Id*. ¶ 16 (quoting *Griffin*, 2019 IL 122549, ¶¶ 23, 25).

¶ 15    The *Blancas* court agreed with Justice Burke's reasoning that the trial court lacked jurisdiction over the defendant's motion because it was " 'seeking to undo a judgment,' " rather than correct a clerical error. *Id*. ¶ 17. The substance of the *Blancas* defendant's motion was that his counsel led him to believe that he would receive day-for-day credit on his sentence when he was not entitled to such. Thus, the motion was not "an attempt to make the written sentencing order conform to the trial court's oral pronouncement," but an attempt to argue that his plea was involuntary because he was misinformed about the truth-in-sentencing consequences. *Id.* Therefore, because the defendant's motion was filed well beyond the 30 days for moving to vacate his plea, the trial court lacked jurisdiction to entertain the motion. *Id.* Accordingly, the *Blancas* court concluded that it lacked jurisdiction to hear the defendant's appeal. *Id*. ¶ 18.

¶ 16    The *Blancas* court further found that Supreme Court Rule 472 did not change the outcome because the defendant's challenge did not fall into one of the four enumerated categories set out in the rule, and therefore, the rule could not give the trial court jurisdiction over the "motion." *Id*. ¶ 19 (citing Ill. S. Ct. R. 472(a)(1)-(4) (eff. May 17, 2019) (the trial court has jurisdiction to amend sentencing orders when a defendant alleges: (i) an error in the calculation of fines, fees, or costs; (ii) an error in the application of *per diem* credit against fines;

(iii) an error in the calculation of presentence custody credit; and (iv) "clerical errors" in the written sentencing order reflecting discrepancies between the record and the court's actual judgment)). We therefore found that we lacked jurisdiction to consider the defendant's motion to correct the mittimus and dismissed the appeal. *Blancas*, 2019 IL App (1st) 171127, ¶ 20.

¶ 17    Similarly, here, defendant entered his guilty plea in 2014 and filed his *pro se* motion to correct the mittimus more than three years later, well beyond the 30 days for moving to vacate his plea. *Id.* ¶ 17. Although defendant contends that he is merely seeking to correct a clerical error, his motion was not an attempt to make the written sentencing order conform to the trial court's oral pronouncement of sentence; rather, it was an attempt argue that his plea was involuntary because he was not afforded the benefit of the bargain that he believed he made. As defendant's motion was filed more than 30 days after he entered his plea and sentence was imposed, the trial court lacked jurisdiction to entertain the motion. *Id.* ¶¶ 17-18. Because the trial court lacked jurisdiction, so does this court, and defendant's appeal must be dismissed. *Id.*

¶ 18    For the foregoing reasons, we dismiss defendant's appeal.

¶ 19    Appeal dismissed.