NOTICE
This order was filed under Supreme
Court Rule 23 and may not be cited
as precedent by any party except in
the limited circumstances allowed
under Rule 23(e)(1).

2020 IL App (4th) 180189-U

NO. 4-18-0189

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
March 23, 2020
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Livingston County |
| MICHAEL HOGAN, | ) | No. 10CF189 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Jennifer Hartmann |
| | ) | Bauknecht, |
| | ) | Judge Presiding. |

JUSTICE HARRIS delivered the judgment of the court.
Justices Turner and Cavanagh concurred in the judgment.

**ORDER**

¶ 1    *Held*:   We grant the Office of the State Appellate Defender's motion to withdraw as appellate counsel and dismiss defendant's appeal as we lack jurisdiction to consider defendant's claim for additional sentence credit.

¶ 2    Defendant, Michael Hogan, appeals from the trial court's order striking his *pro se* motion for an order *nunc pro tunc* as untimely filed. On appeal, the Office of the State Appellate Defender (OSAD) was appointed to represent defendant. OSAD has filed a motion to withdraw as appellate counsel, alleging there are no meritorious issues for review. We grant OSAD's motion and dismiss defendant's appeal for lack of jurisdiction.

¶ 3                                            I. BACKGROUND

¶ 4        In July 2010, defendant's landlord entered defendant's residence and observed what he believed to be cannabis plants throughout the home. After the execution of a search warrant of the premises, police seized between 2000 grams and 5000 grams of cannabis. The State charged defendant with unlawful production of cannabis, a Class 2 felony (count I) (720 ILCS 550/8(d) (West 2010)), unlawful manufacture of cannabis, a Class 1 felony (count II) (720 ILCS 550/(5)(f) (West 2010)), and possession of a controlled substance, a Class 4 felony (count III) (720 ILCS 570/402(c) (West 2010)).

¶ 5        On January 6, 2011, defendant was arrested in El Paso County, Colorado and subsequently released on January 16, 2011. On March 10, 2011, defendant was arrested in Butte County, California and transported to the Livingston County jail via extradition on April 14, 2011.

¶ 6        In February 2012, defendant pleaded guilty to counts II and III in exchange for the State's dismissal of count I.

¶ 7        In April 2012, the trial court sentenced defendant to concurrent terms of 15 years' imprisonment for count II and 3 years' imprisonment for count III. The court awarded defendant sentencing credit of 352 days for time served from April 14, 2011, to March 30, 2012, after being advised defendant "was released to the Department of Corrections on the 30th of March, 2012, for the violation of parole in [another] case."

¶ 8        In May 2012, defendant filed motions to (1) reconsider sentence and (2) withdraw his guilty plea and vacate judgment, which the trial court later denied. Defendant appealed. On appeal, defendant argued his 15-year sentence was excessive and that he was entitled to additional sentencing credit for time spent in custody in Colorado from January 6, 2011, to January 16, 2011, and again in California from March 10, 2011, to April 14, 2011. This court

affirmed defendant's 15-year sentence, but we remanded for the proper award of sentencing credit, concluding defendant was entitled to an additional 47 days of sentencing credit because defendant was incarcerated in those other states as a result of the charges in the present case. See *People v. Hogan*, 2013 IL App (4th) 120684-U, ¶ 1.

¶ 9    On January 24, 2014, the trial court amended defendant's written sentencing judgment specifying defendant was entitled to receive additional credit for time served in custody from January 6, 2011, to January 16, 2011, and March 10, 2011, to April 13, 2011.

¶ 10    In August 2014, defendant *pro se* filed a postconviction petition pursuant to the Post-Conviction Hearing Act (725 ILCS 5/122 *et seq.* (West 2014)), arguing he was denied the effective assistance of both his trial and appellate counsel. In October 2014, the trial court dismissed defendant's postconviction petition, concluding it was "based on fanciful factual allegations that are baseless and unsupported by the record." Defendant appealed, and in March 2017, this court affirmed the trial court's dismissal of defendant's postconviction petition. See *People v. Hogan*, 2017 IL App (4th) 140986-U, ¶ 1.

¶ 11    On January 16, 2018, defendant filed a motion for an order *nunc pro tunc*, arguing his amended sentencing judgment failed to reflect the specific time he spent in custody prior to being sentenced. Defendant alleged, "[a]s there is some confusion as to the days I'm credited, could the court reflect on my mittimus, the credit of: 3-10-11 to present, as well as 1-6-11 to 1-16-11." Defendant attached to the motion his amended sentencing judgment which gave him credit "from 1-6-11 to 1-16-11," "3-10-11 to 4-13-11," and "4-14-11 to 3-30-12." In a docket entry dated January 23, 2018, the trial court struck defendant's motion, finding it had no jurisdiction to address the untimely filed motion.

¶ 12         In March 2018, this court granted defendant leave to file a late notice of appeal and OSAD was appointed to represent defendant on appeal.

¶ 13         In August 2019, OSAD filed a motion to withdraw as appellate counsel and attached a memorandum of law.  Additionally, this court granted defendant leave to file a response to OSAD's motion on or before October 2, 2019, which he did not do.

¶ 14                              II. ANALYSIS

¶ 15         OSAD first contends no meritorious argument can be made whether defendant may seek additional sentencing credit through his motion for an order *nunc pro tunc*.  OSAD also asserts near the end of its memorandum of law that this court lacks jurisdiction to consider defendant's claim for additional sentence credit.

¶ 16         "Normally, the authority of a trial court to alter a sentence terminates after 30 days" following the entry of a final judgment.  *People v. Flowers*, 208 Ill. 2d 291, 303, 802 N.E.2d 1174, 1181 (2003).  "The only continuing power the circuit court possess[es] over the case [is] limited to enforcement of the judgment or correction of clerical errors or matters of form so that the record conform[s] to the judgment actually rendered."  *Id.* at 306-07.  Clerical errors are corrected with a *nunc pro tunc* order.  *Peraino v. County of Winnebago*, 2018 IL App (2d) 170368, ¶ 16, 101 N.E.3d 780.  The purpose of a *nunc pro tunc* order is to incorporate "into the record something which was actually previously done by the court but inadvertently omitted by clerical error" and not "for supplying omitted judicial action, or correcting judicial errors under the pretense of correcting clerical errors."  *People v. Melchor*, 226 Ill. 2d 24, 32-33, 871 N.E.2d 32, 36 (2007).  "Where the trial court lacks jurisdiction, so do we."  *People v. Blancas*, 2019 IL App (1st) 171127, 132 N.E.3d 879.

¶ 17    Critical to our inquiry is whether defendant's motion for an order *nunc pro tunc* sought the exercise of the trial court's continuous jurisdiction to correct clerical errors or instead amounted to an untimely request to modify the sentencing judgment. The amended sentencing judgment credited defendant for time served in custody "from 1-6-11 to 1-16-11," "3-10-11 to 4-13-11," and "4-14-11 to 3-30-12." The record supports the conclusion that, on March 30, 2012, defendant was remanded to the Illinois Department of Corrections for a parole violation in a previous, unrelated case, not the case at bar. Furthermore, at defendant's sentencing hearing, the court determined defendant was not entitled to additional sentence credit for the dates he was held in connection with that previous case. See *People v. Woznick*, 209 Ill. App. 3d 1061, 1062, 568 N.E.2d 425, 426 (1991) (holding a defendant "is not entitled to credit for time served in custody on an unrelated charge"). It appears defendant in seeking additional sentence credit from "3-10-11 to present" was not seeking correction of a clerical error but instead was asking the trial court to change the underlying sentence and grant him more sentence credit. Accordingly, defendant's request for relief could not be resolved with a *nunc pro tunc* order. Instead, in order to obtain such additional sentence credit, he needed to timely seek relief from the January 24, 2014 amended sentencing judgment.

¶ 18    Defendant's present motion was filed on January 16, 2018, almost four years after the entry of the January 24, 2014, amended sentencing judgment. The trial court's authority to alter defendant's sentence lapsed on February 23, 2014. Clearly, defendant failed to file a motion directed against the amended sentencing judgment or a notice of appeal within 30 days following entry of the judgment, the time limit prescribed by Rule 606(b). See Ill. S. Ct. R. 606(b) (eff. July 1, 2017). Thus, in the absence of a timely notice of appeal pursuant to Rule

606(b), we lack jurisdiction over this appeal. See *People v. Coleman*, 2017 IL App (4th) 160770, ¶ 16, 90 N.E.3d 1043.

¶ 19                                    III. CONCLUSION

¶ 20          For the reasons stated, we grant OSAD's motion to withdraw as counsel and dismiss defendant's appeal.

¶ 21          Appeal dismissed.