NOTICE
This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2020 IL App (4th) 180034-U

NO. 4-18-0034

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
March 23, 2020
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Macon County |
| LEONDUS D. CARTER, | ) | No. 99CF1213 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Jeffrey S. Geisler, |
| | ) | Judge Presiding. |

_____

JUSTICE HARRIS delivered the judgment of the court.
Justices DeArmond and Turner concurred in the judgment.

**ORDER**

¶ 1    *Held*:   We grant the Office of the State Appellate Defender's motion to withdraw as counsel and dismiss the appeal for lack of jurisdiction.

¶ 2    Defendant, Leondus D. Carter, appeals the trial court's dismissal of his motion to correct the mittimus. On appeal, the Office of the State Appellate Defender (OSAD) was appointed to represent him. OSAD filed a motion to withdraw as appellate counsel citing *Pennsylvania v. Finley*, 481 U.S. 551 (1987), alleging an appeal would be frivolous. We grant OSAD's motion and dismiss the appeal for lack of jurisdiction.

¶ 3                          I. BACKGROUND

¶ 4    In September 1999, the State charged defendant with three counts of first degree murder, alleging defendant shot and killed Robert Martin (1) with the intent to kill or do great

bodily harm (count I) (720 ILCS 5/9-1(a)(1) (West 1998)), (2) knowing said act would cause the death of the victim (count II) (*id.*), and (3) knowing such act created a strong probability of death or great bodily harm to the victim (count III) (*id.* § 9-1(a)(2)).

¶ 5        In February 2000, pursuant to a partially negotiated plea, defendant pleaded guilty to count III in exchange for the dismissal of counts I and II. Further, the State agreed to cap its sentencing recommendation at 30 years.

¶ 6        The trial court then admonished defendant, in pertinent part, as to the possible penalties for the offense, stating: "The possible penalty could be a fine of $1.00 to $25,000.00 and a period of incarceration from *** 20 years not to exceed 60 years with a mandatory parole period of 3 years. Do you understand what the possible penalty could be?" Defendant responded, "Yes." The court further admonished defendant of the rights he was giving up by pleading guilty. Following the aforementioned admonishments, the prosecutor provided a factual basis as to defendant's guilty plea. The court then set the matter for sentencing.

¶ 7        In March 2000, the trial court conducted a sentencing hearing. After the parties made their recommendations, the court stated in relevant part:

> "The Court is going to sentence the Defendant to the Department of Corrections for a period of 26 years. The mittimus shall be ordered to issue. Credit shall be given for time served."

The court did not mention mandatory supervised release (MSR) in its pronouncement of defendant's sentence. However, the written sentencing judgment reflected a three-year MSR term in addition to defendant's 26-year sentence.

¶ 8        In April 2000, defendant *pro se* filed a motion for a reduction of sentence. Attached to defendant's motion was a motion to withdraw his guilty plea and vacate sentence,

wherein defendant indicated he was "filing a motion for sentence reduction, and sentencing was part of a plea agreement." The State later filed a motion to dismiss.

¶ 9            In October 2000, defendant, through his appointed counsel, filed a motion to dismiss his *pro se* motion for reduction of sentence. At a hearing that same month, defense counsel stated he corresponded with defendant and was instructed to withdraw the motion. The trial court subsequently dismissed the motion and defendant did not appeal.

¶ 10            In January 2017, defendant *pro se* filed a motion captioned, "Motion to Correct Mittimus," wherein he alleged the circuit clerk improperly added the additional MSR term to his 26-year sentence, effectively extending his incarceration term to 29 years. Defendant argued that because the trial court had not mentioned any term of MSR in its oral pronouncement at defendant's sentencing, his sentence should be modified to reflect a prison term of 23 years followed by a three-year term of MSR. Attached to defendant's motion was the written sentencing judgment reflecting the three-year MSR term.

¶ 11            In September 2017, the trial court conducted a status hearing. At the outset of the proceeding, defense counsel stated: "Your Honor, in having correspondence with [defendant], we're going to ask the Court to construe his [motion] that he filed in this case for—to correct the mittimus basically as a post-conviction relief petition." Counsel suggested he could file an amended petition within a couple of days, with which the court agreed.

¶ 12            In October 2017, defense counsel indicated to the trial court that he sent a letter to defendant regarding the motion to correct the mittimus. Counsel stated:

> "Your Honor, I sent [defendant] a letter asking if he wanted me to file this
> with the post-conviction relief. *** His response back was do what you deem to
> be fit. So I don't know if that is really good direction to me. I would just set what

he has on file, the *pro se*, the motion to correct the mittimus, just set that for hearing at this point in time."

¶ 13        In November 2017, the State filed a motion to dismiss and the trial court conducted a hearing on the motions in January 2018. The court subsequently dismissed defendant's motion, citing our supreme court's decision in *People v. Boykins*, 2017 IL 121365, 93 N.E.3d 504. The court reasoned:

> "And in that case, the *Boykins* case, it's a similar situation, the trial court did admonish the defendant prior to accepting the plea that a term of MSR would be added to the sentence. *** The Supreme Court on the *Boykins* matter held that the summary dismissal of the post-conviction petition was proper.
>
> Where the record refutes the claim that the trial court's admonishment regarding the statutory MSR fell short of the constitutional due process requirement. In this case, [defendant] was admonished of the three-year mandatory supervised release. He was not told about that at the time of the sentencing. But I think the fact that he was told about it prior to the sentence hearing at the time of the plea makes this a proper sentence."

Defendant indicated he wished to appeal, and the court directed the circuit clerk to file a notice of appeal on his behalf. Subsequently, OSAD was appointed as counsel to represent defendant.

¶ 14        In August 2019, OSAD filed a motion to withdraw as appellate counsel. This court granted defendant leave to file a response to OSAD's motion on or before September 25, 2019, which he did not do.

¶ 15                                II. ANALYSIS

¶ 16    On appeal, OSAD identifies two potential issues for review: whether defendant was properly admonished pursuant to Illinois Supreme Court Rule 402 (eff. July 1, 1997) and whether appointed counsel was ineffective for failing to refile defendant's motion to correct the mittimus as a postconviction petition. OSAD maintains both issues lack merit.

¶ 17    "Preliminary to our consideration of the above issues, we note that '[a] reviewing court has an independent duty to consider issues of jurisdiction, regardless of whether either party has raised them.' " *People v. Scheurich*, 2019 IL App (4th) 160441, ¶ 17, 128 N.E.3d 1030 (quoting *People v. Smith*, 228 Ill. 2d 95, 104, 885 N.E.2d 1053, 1058 (2008)). "Normally, the authority of a trial court to alter a sentence terminates after 30 days" following the entry of a final judgment. *People v. Flowers*, 208 Ill. 2d 291, 303, 802 N.E.2d 1174, 1181 (2003). "This 30-day limitation is incorporated into Rule 604(d), which governs postjudgment motions in cases *** where the defendant has pleaded guilty." *Id.* "The only continuing power the circuit court possess[es] over the case [is] limited to enforcement of the judgment or correction of clerical errors or matters of form so that the record conform[s] to the judgment actually rendered." *Id.* at 306-07. "Where the trial court lacks jurisdiction, so do we." *People v. Blancas*, 2019 IL App (1st) 171127, ¶ 17, 132 N.E.3d 879.

¶ 18    Critical to our inquiry is whether defendant's motion to correct the mittimus sought the trial court's continuing jurisdiction to correct a clerical error or instead amounted to an untimely request to modify the sentencing judgment. As noted, defendant argued in his motion that his 26 year sentence should be reduced to 23 years because the court had failed to mention the 3 year term of MSR at sentencing. Thus, it is apparent that defendant's motion did not seek correction of a clerical error but instead requested a modification of the judgment of sentence.

¶ 19          Defendant's motion to correct the mittimus was filed in January 2017, well beyond the 30 days he had to file any postsentencing motions. See Ill. S. Ct. R. 604(d) (eff. Mar. 8, 2016) ("No appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant, within 30 days of the date on which sentence is imposed, files in the trial court a motion to reconsider the sentence, if only the sentence is being challenged, or, if the plea is being challenged, a motion to withdraw the plea of guilty and vacate the judgment."). Defendant asserts no justification for the 17-year delay. Because the trial court's jurisdiction over the underlying case had lapsed, it had no authority to address defendant's motion to correct the mittimus except to correct "clerical errors or matters of form." *Flowers*, 208 Ill. 2d at 306-07. As a result, this court lacks jurisdiction to entertain defendant's appeal. See *id.* at 307 (where the trial court lacked jurisdiction to consider the defendant's motion, the appellate court had no authority to consider the merits of the appeal from the court's judgment denying the motion and should have dismissed the appeal). Accordingly, we dismiss defendant's appeal for lack of appellate jurisdiction.

¶ 20                                    III. CONCLUSION

¶ 21          For the reasons stated, we grant OSAD's motion to withdraw and dismiss defendant's appeal for lack of jurisdiction.

¶ 22          Dismissed.