NOTICE
Decision filed 03/11/24. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2024 IL App (5th) 230431-U

NO. 5-23-0431

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cumberland County. |
| | ) | |
| v. | ) | No. 21-CF-62 |
| | ) | |
| KEITH R. MYERS, | ) | Honorable |
| | ) | Jonathan T. Braden, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

PRESIDING JUSTICE VAUGHAN delivered the judgment of the court.
Justices Welch and Moore concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The circuit court properly denied defendant's motion for additional pretrial custody credit as he was not entitled to credit against each of his consecutive sentences. As any argument to the contrary would lack merit, we grant defendant's appointed counsel on appeal leave to withdraw and affirm the circuit court's judgment.

¶ 2    Defendant, Keith R. Myers, appeals the circuit court's orders denying two motions seeking additional pretrial custody credit against his sentence. His appointed appellate counsel, the Office of the State Appellate Defender (OSAD), concluded there is no reasonably meritorious argument that reversible error occurred and filed a motion to withdraw as counsel along with a supporting memorandum. See *Pennsylvania v. Finley*, 481 U.S. 551 (1987). OSAD notified defendant of its motion, and this court has provided him with ample opportunity to respond. Defendant, however, failed to file a response. After considering the record on appeal and OSAD's supporting brief, we

1

agree this appeal presents no reasonably meritorious issues. Thus, we grant OSAD leave to withdraw and affirm the circuit court's judgment.

¶ 3                                    BACKGROUND

¶ 4      Following a trial in a different case, Cumberland County case No. 21-CF-50, defendant was convicted of domestic battery. He subsequently pled guilty to criminal damage to state-supported property in the current case. Because he committed criminal damage to state-supported property while in custody for the domestic battery conviction, the sentences were required to run consecutively. See 730 ILCS 5/5-8-4(d)(8) (West 2020).

¶ 5      Following a combined sentencing hearing, the circuit court sentenced defendant to five years' imprisonment for domestic battery and three years' imprisonment for criminal damage. The court also ordered defendant be credited with 324 days of time served in case No. 21-CF-50.

¶ 6      Defendant filed two *pro se* motions for orders *nunc pro tunc* in the instant case. The first motion, filed on December 1, 2022, requested that the mittimus on the criminal damage charge be amended to reflect 323 days of pretrial custody credit. The second motion, filed on February 6, 2023, alleging that he was "rightfully given 323 days served *** [b]ut was not awarded the additional days pursuant to 730 ILCS 130/3" and therefore requested that the mittimus be corrected to reflect another 323 days based on the County Jail Good Behavior Allowance Act. See 730 ILCS 130/3 (West 2020).

¶ 7      The court denied both motions, noting that the applicable statute provides that consecutive sentences are to be served as a single term, with pretrial custody credit applying to the aggregate term rather than each component sentence. The court noted that the mittimus for defendant's domestic battery conviction correctly provided him with 324 days' credit. Defendant timely appealed.

2

¶ 8                                    ANALYSIS

¶ 9      OSAD concludes there is no reasonably meritorious argument that the circuit court erred in denying defendant's motions for additional sentence credit where the court correctly determined that presentence custody credit applies to the aggregate sentence. We agree.

¶ 10     "Because decisions issued without subject matter jurisdiction are void, we have an independent duty to ensure that the trial court and this court have jurisdiction over a case." *People v. Arriaga*, 2023 IL App (5th) 220076, ¶ 12. The appellate court has no jurisdictional authority to consider an appeal from a void order. See *People v. Flowers*, 208 Ill. 2d 291, 307 (2003).

¶ 11     "Normally, the authority of a trial court to alter a sentence terminates after 30 days" following the entry of a final judgment. *Id.* at 303. However, the trial court possesses the continuing power to enforce the judgment or correct "clerical errors or matters of form so that the record conformed to the judgment actually rendered." *Id.* at 306-07. *Nunc pro tunc* orders are a means to allow the court to correct the record to reflect that which was already done previously. *People v. Adams*, 144 Ill. 2d 381, 394 (1991).

¶ 12     Defendant here designated his motions as motions for a "*nunc pro tunc*" order. However, the substance of the motions did not request the court to correct the record to reflect what the court previously ordered. Rather, the motions alleged the court's presentence custody credit was incorrect. As such, defendant improperly utilized a motion for a *nunc pro tunc* order to request modification of the sentencing order. See *People v. Coleman*, 2017 IL App (4th) 160770, ¶ 22. Previously, under these circumstances, we would have been required to vacate the court's judgment and dismiss defendant's appeal for lack of jurisdiction. See *People v. Scheurich*, 2019 IL App (4th) 160441, ¶ 22; *People v. Blancas*, 2019 IL App (1st) 171127, ¶ 17.

¶ 13    However, effective March 1, 2019, Illinois Supreme Court Rule 472 now provides the trial court with retained jurisdiction to correct—*inter alia*—"[e]rrors in the calculation of presentence custody credit" on the court's own motion or on the motion of any party. Ill. S. Ct. R. 472(a)(3) (eff. Mar. 1, 2019). While the court and defendant's motion did not refer to Rule 472, the rule nevertheless afforded the court jurisdiction to determine the issue. *Id.*

¶ 14    Turning to the merits, an offender "shall be given credit *** for the number of days spent in custody as a result of the offense for which the sentence was imposed." 730 ILCS 5/5-4.5-100(b) (West 2020). When a defendant is sentenced to consecutive terms, he or she is treated as though sentenced to a single term and awarded pretrial custody credit against the aggregate of all consecutive sentences. *Id.* § 5-8-4(g)(4); *People v. Latona*, 184 Ill. 2d 260, 270-71 (1998) (pretrial custody credit for each sentence when a defendant receives consecutive sentences violates the statute's plain meaning). In other words, a defendant sentenced to multiple consecutive terms is entitled to only one credit for pretrial custody.

¶ 15    Here, defendant received 324 days of pretrial custody credit for his domestic battery conviction. Because that sentence is mandatorily consecutive to that for criminal damage to state-supported property, the circuit court correctly held that the 324 days' credit can be applied only to the aggregate term for both convictions. 730 ILCS 5/5-8-4(g)(4) (West 2020). Accordingly, the court did not err by denying defendant additional credit.

¶ 16                                    CONCLUSION

¶ 17    As this appeal presents no issue of arguable merit, we grant OSAD leave to withdraw and affirm the circuit court's judgment.


¶ 18    Motion granted; judgment affirmed.