NOTICE
Decision filed 05/15/20. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2020 IL App (5th) 170027-U

NO. 5-17-0027

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Jackson County. |
| | ) | |
| v. | ) | No. 12-CF-730 |
| | ) | |
| JASON W. MANN, | ) | Honorable |
| | ) | William G. Schwartz, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE OVERSTREET delivered the judgment of the court.
Justices Barberis and Wharton concurred in the judgment.

**ORDER**

¶ 1   *Held*: Where the defendant's three *pro se* motions were plainly untimely or meritless, and there would be no merit to any argument that the circuit court had erred in denying those motions, the defendant's court-appointed attorney on appeal is granted leave to withdraw as counsel, and the judgment of the circuit court is affirmed.

¶ 2   The defendant, Jason W. Mann, appeals from an order of the circuit court of Jackson County denying three *pro se* motions relating to his guilty plea or to his prison sentence. The defendant's court-appointed attorney on appeal, the Office of the State Appellate Defender (OSAD), has concluded that this appeal lacks merit, and on that basis OSAD has filed a motion for leave to withdraw as counsel, pursuant to *Pennsylvania v. Finley*, 481 U.S. 551 (1987), and *People v. Lee*, 251 Ill. App. 3d 63 (1993), along with a brief in support of the motion. OSAD served the defendant with proper notice and with a copy of its motion and brief. This court gave

1

the defendant ample opportunity to respond to OSAD's motion by filing with this court a *pro se* brief, memorandum, etc., in support of his appeal, but the defendant has not filed any type of response. Having examined OSAD's motion and brief, as well as the entire record on appeal, this court agrees with OSAD that this appeal lacks merit. Accordingly, OSAD is granted leave to withdraw as counsel on appeal, and the judgment of the circuit court of Jackson County is affirmed.

¶ 3                                        BACKGROUND

¶ 4      In late 2012, the State charged the defendant with aggravated arson (720 ILCS 5/20-1.1(a)(1) (West 2012)), a Class X felony, and tampering with a fire safety system (720 ILCS 5/17-11.5(a) (West 2012)), a Class 4 felony. On August 9, 2013, the defendant, his attorney, and an assistant state's attorney appeared in court. The defendant indicated that he wanted to plead guilty to aggravated arson, pursuant to a plea agreement. The court informed the defendant that aggravated arson was a nonprobationable offense punishable by imprisonment for 6 to 30 years, and that the prison sentence "carries with it a mandatory supervised release time of a three-year period." The defendant signed a written "plea of guilty," which indicated that he was "knowingly and understandingly" entering a negotiated plea of guilty to aggravated arson. In response to a query from the court, the defendant indicated that he understood the guilty-plea form. The State recited a factual basis for the plea. The State also informed the court that the defendant did not have any prior convictions, and that he had been honorably discharged from the United States military. The parties waived preparation of a presentence investigation report. The court stated that it would "affirm the agreement" in the case and sentenced the defendant to imprisonment for a term of seven years. The court also informed the defendant that he would "serve 85% of the time," that he would receive credit for the 239 days that he spent in the county jail prior to sentencing, and that "[u]pon [his] release" from prison he would be required to serve 3 years of

2

mandatory supervised release. The defendant, in response to the court's query, indicated that he did not have any questions about the sentence imposed. The court then informed the defendant that if he "[felt] aggrieved in any way," he had 30 days in which to file a motion for leave to withdraw his guilty plea. The court entered a written judgment.

¶ 5     On December 11, 2013, the defendant filed a *pro se* "motion for order *nunc pro tunc*," wherein he claimed that he was statutorily entitled to additional days of sentence credit by virtue of his presentencing incarceration in the county jail and his good behavior during that presentencing incarceration. On December 20, 2013, the court entered a docket-entry order denying the motion and stating that the motion was without merit because the defendant already had received the correct credit for his presentencing incarceration. On January 9, 2014, the defendant filed a *pro se* "motion to object," wherein he acknowledged the order denying his "motion for order *nunc pro tunc*" but repeated his request for additional days of sentence credit. However, the defendant did not appeal from the denial order.

¶ 6     On July 17, 2015, the defendant filed (1) a *pro se* "petition for order *nunc pro tunc* county jail good behavior allowance," wherein he again claimed that he was entitled to an additional 239 days of sentence credit, and (2) a *pro se* "motion to correct the mittimus," wherein he asked the circuit court to "issue a corrected mittimus to reflect an additional 239 days of presentence confine time." On July 22, 2015, the court made this docket entry, apparently in reference to the *pro se* petition and the *pro se* motion: "Noted and issue has previously been denied." The defendant appealed. This court affirmed the order denying the *pro se* petition and motion. See *People v. Mann*, No. 5-15-0372 (Jan. 14, 2020) (unpublished summary order under Illinois Supreme Court Rule 23(c)).

3

¶ 7    On November 17, 2015, the defendant filed, by counsel, a petition for postconviction relief. He claimed that (1) his guilty plea was not knowing and voluntary, for trial counsel failed to inform him, prior to the plea hearing, that his plea agreement included three years of mandatory supervised release, and (2) trial counsel provided ineffective assistance (i) by failing to file a motion to suppress the defendant's statements to police interrogators and (ii) by failing to inform the defendant, prior to the defendant's signing the written plea of guilty, that the plea agreement included three years of mandatory supervised release.  The defendant asserted that if he had been aware of the mandatory-supervised-release requirement, he would not have accepted the plea offer and would have insisted on going to trial.  On April 18, 2016, the court held an evidentiary hearing on the defendant's postconviction petition.  The defendant was the only witness.  At the conclusion of the hearing, the court denied the defendant's postconviction petition.  The defendant did not appeal from the denial order.

¶ 8    On November 28, 2016—approximately 3¼ years after the guilty plea and sentencing herein—the defendant placed into the prison mail system the three *pro se* motions that are the subject of the instant appeal.  The clerk of the circuit court file-stamped the three motions on December 1, 2016.  The three motions can be summarized as follows:

      (1) In a *pro se* motion to withdraw guilty plea, styled a "late petition to withdraw guilty plea and vacate sentence," the defendant stated that (i) he "attempted to assert two grounds for relief in a post-conviction, which were denied, petitioner did not appeal," (ii) he was "not allowed the opportunity to withdraw plea" due to a lockdown at Menard Correctional Center, and (iii) "the factors in mitigation were never applied in this case."

      (2) In a *pro se* motion to reduce sentence, styled as a "late motion for reduction of sentence," the defendant stated that a reduction in his seven-year prison sentence was

appropriate because he personally extinguished the fire, the fire did not harm anyone, "[t]he police report was never brought into question, defendants' [*sic*] attorney was not effective counsel, fundamental principles of Due Process and Equal Protection clause of Fourteenth Amendment were not asserted in proceedings, and the term imposed is cruel and unusual."

(3) In a *pro se* motion to amend the mittimus, styled as a "petition to correct mittimus," the defendant referred to "the mittimus issued on [August 9, 2013]," which was the date of sentencing. The defendant first suggested that he had not received all of the sentence credits to which he was statutorily entitled by virtue of his presentencing incarceration in the county jail and his good behavior during that presentencing incarceration. On this point, the defendant apparently attempted to cite the County Jail Good Behavior Allowance Act (730 ILCS 130/1 *et seq.* (West 2012)). The defendant also suggested that he had been deprived of "due process" through the "ineffective assistance of [plea] counsel," who had failed to inform the sentencing court that the defendant, after being honorably discharged from the United States military, had enlisted in the Illinois National Guard. The defendant also stated that during his presentencing incarceration at the county jail, he was assaulted by a federal detainee who was represented, at that time, by the same attorney who represented the defendant.

¶ 9 On December 6, 2016, the circuit court entered a docket-entry order stating that all three of the defendant's *pro se* motions were "denied." The order did not state a rationale for the denial. The defendant perfected the instant appeal.

¶ 10                                    ANALYSIS

¶ 11 The defendant appeals from the circuit court's order denying three *pro se* motions, *viz.*: a motion to withdraw guilty plea, a motion to reduce sentence, and a motion to amend the mittimus.

5

As previously mentioned, the defendant's court-appointed attorney on appeal, OSAD, has concluded that this appeal lacks merit, and it has filed a *Finley* motion to withdraw as counsel, along with a brief in support of that motion. The defendant has not filed with this court any sort of response to OSAD's *Finley* motion.

¶ 12    This court begins its analysis of this case by noting that this appeal is not from the dismissal or denial of a petition for relief under the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2018)) or some other petition collaterally attacking the judgment of conviction. Instead, this appeal is from an order denying postplea, postsentencing motions. Therefore, OSAD should not have filed its motion to withdraw as counsel pursuant to *Finley*, but instead should have filed the motion pursuant to *Anders v. California*, 386 U.S. 738 (1967). OSAD, however, did meet the more rigorous requirements of *Anders*, supplying this court with a brief that refers to items in the record that might arguably support this appeal and refers to legal authorities. See *Anders*, 386 U.S. at 744-45. The combination of OSAD's brief and this court's independent and thorough examination of the record on appeal gives this court confidence in proceeding to consider this appeal. The *Finley* motion will simply be treated as an *Anders* motion.

¶ 13    In the brief filed in support of its motion to withdraw as counsel, OSAD discusses two potential issues in this appeal, *viz.*: (1) whether the circuit court erred in denying the defendant's late motions to withdraw guilty plea and to reduce sentence, and (2) whether the defendant stated a meritorious claim in his motion to amend the mittimus. OSAD concludes that neither issue has merit. This court agrees with that assessment.

¶ 14    The issue of whether the circuit court erred in denying the defendant's motions to withdraw guilty plea and to reduce sentence is a strictly legal issue, and not one involving contested facts or witness credibility, and therefore this court reviews the issue *de novo*. See, *e.g.*, *In re D.G.*, 144

6

Ill. 2d 404, 408-09 (1991). (OSAD did not suggest a standard of review for this issue, either in its motion to withdraw as counsel or in its supporting brief.)

¶ 15    The defendant certainly was aware that his motion to withdraw guilty plea and his motion to reduce sentence were untimely. He styled his motions as a "late petition to withdraw guilty plea and vacate sentence" and a "late motion for reduction of sentence," including the word "late" in each motion's caption.

¶ 16    If the defendant wanted to withdraw his plea of guilty, he needed to file a motion to that effect within 30 days after the imposition of sentence, *i.e.*, within 30 days after August 9, 2013. See Ill. S. Ct. R. 604(d) (eff. Jan. 1, 2013); *People v. Flowers*, 208 Ill. 2d 291, 300 (2003) (absent an extension of time granted by the circuit court prior to the expiration of the 30-day deadline, a motion to withdraw a guilty plea or to reduce a sentence must be filed within the 30-day period specified in Rule 604(d)). The defendant herein missed the 30-day deadline, and by more than 3 years. Because the defendant's motion to withdraw guilty plea was untimely filed, the circuit court had lost jurisdiction, or authority, to consider the motion on the merits. See *People ex rel. Alvarez v. Skryd*, 241 Ill. 2d 34, 40-41 (2011). Likewise, this court is precluded from considering the merits. See *Flowers*, 208 Ill. 2d at 301.

¶ 17    As for the defendant's motion to reduce sentence, it too needed to be filed within 30 days after the sentence was imposed, under Rule 604(d) and section 5-4.5-50(d) of the Unified Code of Corrections (730 ILCS 5/5-4.5-50(d) (West 2012)), but it was filed far beyond the deadline. As with the motion to withdraw guilty plea, the circuit court had long since lost jurisdiction to consider the merits, and this court likewise is precluded from considering the merits. See *Skryd*, 241 Ill. 2d at 40; *Flowers*, 208 Ill. 2d at 301. Furthermore, a motion to reduce sentence was not an appropriate motion in this case, wherein the defendant pleaded guilty pursuant to a fully negotiated plea

7

agreement with the State, *i.e.*, an agreement as to the charges and as to the sentence. A defendant who pleads guilty pursuant to a fully negotiated guilty plea may not seek to reduce his agreed-upon sentence while holding the State to its part of the bargain. *People v. Evans*, 174 Ill. 2d 320, 327 (1996). Therefore, even if the motion to reduce sentence had been timely filed, the circuit court would not have been able to consider the motion's merits, and this court, too, would have been precluded from considering the merits. See *People v. Linder*, 186 Ill. 2d 67, 74 (1999).

¶ 18 The other potential issue discussed by OSAD is the issue of whether the defendant stated a meritorious claim in his motion to amend the mittimus, which he styled as a "petition to correct mittimus." This issue, too, is a strictly legal issue that is subject to *de novo* review. See *In re D.G.*, 144 Ill. 2d at 408-09. (OSAD did not suggest a standard of review for this issue, either.) In the instant case, no separate mittimus was issued; therefore, the sentencing judgment constitutes the mittimus in this case. See 735 ILCS 5/2-1801(a) (West 2018). The only proper purpose of a motion to amend a mittimus is to correct clerical errors or nonsubstantial matters of inadvertence or mistake. *People v. Scheurich*, 2019 IL App (4th) 160441, ¶¶ 19-21. A motion to amend a mittimus is not a vehicle for seeking the substantive amendment of a sentencing judgment. *Scheurich*, 2019 IL App (4th) 160441, ¶¶ 20-21.

¶ 19 Much of the defendant's "petition to correct mittimus"—with its references to "due process" and "ineffective assistance of counsel," as well as its reference to being "attacked by a federal detainee *** while in the custody of the Jackson County Jail"—clearly did not address any clerical error or nonsubstantial matter of inadvertence or mistake. As for the claim that the defendant was entitled to additional days of sentence credit, the defendant relied entirely on a citation to the County Jail Good Behavior Allowance Act (730 ILCS 130/1 *et seq.* (West 2012)). However, that particular statutory scheme concerns the awarding of a good-behavior allowance to

8

a criminal defendant who is sentenced to confinement in a county jail. See 730 ILCS 130/3 (West 2012). The defendant herein was not sentenced to confinement in a county jail; he was sentenced to imprisonment in the Illinois Department of Corrections, and was held in the county jail only as he awaited trial. The County Jail Good Behavior Allowance Act does not have any application to the instant case. The defendant did not state a meritorious claim in his motion to amend the mittimus.

¶ 20                                CONCLUSION

¶ 21    The defendant's motion to withdraw guilty plea and motion to reduce sentence were filed long after the filing deadline, and therefore long after the circuit court had lost subject-matter jurisdiction. The court would not have had the authority to consider the merits of either motion. The defendant's motion to amend the mittimus failed to state a meritorious claim. None of these conclusions can reasonably be disputed. Accordingly, OSAD is granted leave to withdraw as counsel for the defendant in this appeal, and the judgment of the circuit court is affirmed.

¶ 22    Motion granted; judgment affirmed.